NEW-YORK,
May, 1831.

Kent
v.
Walton.

### KENT, receiver of the Franklin Bank, *vs.* WALTON.

In an action by the *endorsee* against the *maker* of a promissory note, which was sold by the payee at a rate of interest exceeding seven per cent. per annum, evidence of the declarations of the *payee* who is *dead*, that the note was an *accommodation note* lent to him by the maker, thus rendering the negotiation which gave vitality to the note *usurious*, is not admissible.

Where a *usurious* note has been transferred for valuable consideration, [and without notice, and a new note is taken by the holder, the *usury* of the first note cannot be set up in bar of a recovery on the second note.

Discounting a *business note* at more than seven per cent. interest, is not a usurious transaction; a note valid in its inception may be bought and sold as a chattel, at its value, real or supposed.

THIS was an action of assumpsit, tried at the New-York circuit in December, 1829, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The suit was by the second *endorsee* of a promissory note against the *maker*; the note was for $650, payable to the order of H. Kennedy, endorsed by him to T. Ash, and by Ash to the Franklin Bank; it was given in renewal of a previous note for $1200, upon which, when it fell due, $550 were paid. The first note was endorsed by Kennedy to Ash, who *cashed* the same, charging a *discount* of from $1\frac{1}{4}$ to $1\frac{1}{2}$ per cent. per month, and had the note discounted by the Franklin Bank, and the amount passed to his credit. The payment made on the original note was made to the Franklin Bank, and the note for the balance was taken by the bank in renewal, at the

request of Ash. There was no *usury* in the second note, and it was not known to the officers of the bank at the time of discounting the first note, or at any time subsequently that the same had been discounted at a usurious rate of interest. The deposition of Ash was read in evidence; in it he testified that when he discounted the first note, and previous to Kennedy endorsing it, Kennedy told him that it was *lent* to him by the maker without consideration; and he further testified that Kennedy was dead. . This part of the deposition relating to the declarations of Kennedy was objected to as incompetent evidence, and so ruled by the judge, who charged the jury that there was no legal evidence of an agreement to discount the note at a usurious rate of interest; but if the declarations of Kennedy were admitted as evidence, the plaintiff was still entitled to a verdict, on the ground that the Franklin Bank was an innocent holder for valuable consideration, and without notice of usury in the first note; the note on which the action was brought being a new security given to a *bona fide* assignee, who had paid a valuable consideration for the usurious note without notice of the usury. The defendant excepted to the charge, and the jury found for the plaintiff. The defendant now moved for a new trial.

*G. W. Morris*, for defendant.

*W. Kent & S. A. Foot*, for plaintiff.

*By the Court*, SAVAGE, Ch. J. The judge was correct in both points decided by him. To make out the defence of usury, it was necessary to shew that the note was not a valid instrument when discounted by the witness, *Ash*. The presumption is in favor of the validity of a promissory note; it implies a sufficient consideration. It is well settled that discounting a *business note* at more than seven per cent. interest is not usury; a note valid in its inception may be bought and sold as a chattel, at its value, real or supposed; but if it is an accommodation note, it is not a valid instrument until negotiated; between the original parties it has no legal existence, and receives vitality from its first negotiation. If that be usurious

NEW-YORK,<br>May, 1831.<br>Kent<br>v.<br>Walton.

the note is void. The fact of its being accommodation paper must be proved by competent and sufficient testimony. For aught appearing in this case, the payee of the note, *Kennedy*, would, if living, have been a competent witness; and it is contended that what he said on the subject is proper testimony. Evidence of his declarations was objected to as hearsay; it certainly was such. The rule that what a witness who is dead has said shall not be received, is subject to but few exceptions, and this certainly is not one.

The other point is also equally well settled. Even although it had been shewn that the first note was tainted with usury, and therefore void in the hands of the Franklin Bank, who had paid value for it without notice of the usury, yet the giving a new security to an innocent holder for valuable consideration constitutes a new transaction, and the usury of the first note does not affect the second. In *Powell v. Waters*, 8 Cowen, 681, Chancellor Jones, speaking of the proposition that a new security, taken in renewal of a prior usurious contract by a *bona fide* holder, is not avoided by the usury of the original transaction, says, "that principle applies to the case of an innocent holder of an usurious contract, for which he has given a valuable consideration without notice of the usury." Colden, senator, expresses the same sentiment at p. 696; among the principles which he considers well settled, he says; "If an original note or security be usurious, a subsequent note or security, taken in the place of the original note or security by an innocent and *bona fide* holder thereof, ignorant of the original usury, is not usurious, unless more than at the rate of seven per cent. was taken upon the new note or security." This was the doctrine asserted by the learned judge at the circuit, and is sound law.

New trial denied.