1839.

Brinckerhoff
v.
Foote and La-
throp.

</div>

---

### BRINCKERHOFF v. FOOTE AND LATHROP.

NEITHER the renewal of an old nor substitution of a new security between the same parties can efface usury; nor further security; nor a guaranty given subsequently by a stranger. But if the usurious instrument comes to the hands of an innocent holder, and in consideration of forbearance a new security is given to him, it is valid. And whether the holder took it for an antecedent debt, or paid money for it at the time, is immaterial.

No general evidence of a multitude of usurious transactions between the parties about the time of giving a security is sufficient upon a question of usury; nor the evidence of a witness that he believes he was privy to every transaction, and all that he was privy to were tainted. There must be distinct testimony affecting the specific instrument.

*Mr. Brinckerhoff*, in person.

*Mr. T. Payne*, for the defendants.

THE ASSISTANT VICE-CHANCELLOR :—I shall not dwell on the formal difficulties in the way of granting the relief sought by the bill, because the complainant cannot sustain his case upon the merits. The complainant had a loose memorandum of a demand against him consisting of a few items exhibited to him, with a request that he would settle and give his note for the balance. This was on the 26th of April, 1827. He gave his note to Foote, the defendant, for $1,223 13, a sum of $160 being deducted by consent of Foote as erroneously charged. He alleges that the note was hastily given, without examination, and under an agreement that it should not be evidence of a settlement; but that the account should be always open. This is expressly denied by the answer. He also alleges that the note was given, not upon any adjust-

ment of accounts, but as an accomodation to Foote to enable him to raise money. This is also explicitly denied; and Foote says he went to get a settlement and final liquidation of his account.

I may observe that these statements in Foote's answer, while they are decisive as to this ground of relief as to himself cannot be of any avail to Lathrop, the other defendant. The latter leaves the complainant to prove his case, and no such case is made out against him. The answer of Foote could not have been used against him if unfavorable, nor in his favor as it stands.

Then the chief objection is taken that the accounts were usurious; that the note was for the balance of demands arising on usurious transactions. This objection is especially made as to the six notes, and the rent order for $100. The witness Westerwelt swears to a great number of transactions between the complainant and defendant Foote upon which usurious interest was paid; and it is certain that he uses language which seems to comprehend every transaction during the period within which the notes were given. Still there is no piece of testimony distinctly attaching usury to the identical notes in question; and this I consider necessary. A security must be distinctly proven to be tainted. The general evidence that all the transactions between the parties, of which a witness was aware, were usurious, and he supposes he knew all, and that the one in question was therefore so, never can be allowed as sufficient to set aside a security.

But independently of this objection, it appears that the original note for $1,223 13, was transferred to one Gibbons as trustee for Caroline Gilmour to whom Foote was indebted. Gibbons sued upon it, and consented to dismiss the suit, upon receiving from the complainant four notes payable at different periods for the amount. These were given, and came to the hands of the defendant Lathrop, who married Caroline Gilmour. Suits have been instituted upon these, and it is stated, have gone to judgment. Gibbons deposes that he consented to dismiss the suit

upon receiving the four notes, and he denies, as well as Lathrop in his answer, all knowledge of the alleged usury.

This disposes of the case so far as the point of usury is concerned. I have lately had occasion to examine the cases connected with the present question, and found the law to be that no renewal of a former, or substitution of a new security between the same parties, could efface the usury; nor could a fresh security given by another to the taker of the usury, nor a subsequent guaranty of the debt have that effect. (*Bullock* v. *Boyd, Jan.,* 1840.) (*a*) But the case is very different where the usurious instrument comes to the hands of an ignorant and innocent holder who sues, and then in consideration of forbearance a new security is given to him. The case of *Powell* v. *Waters,* (8 *Cowen,* 669,) is decisive upon this point. (See pages 691 and 696.) It can make no difference that Gibbons took this note in liquidation of an antecedent debt due to his ward, instead of money being advanced for it. He was equally an innocent holder.

As to the other items of the account objected to, it might be sufficient to say that no case is made out against Lathrop at all. There is no evidence to show an error as against him. But in fact even as against Foote, there would be no ground to correct the account, except in the item of the order for rent; and that may admit of doubt. As he states the transaction, he loaned the complainant $100, and got the order on a tenant for that sum which he received, and says he credited in account. It is not credited in the memorandum he presented. The items of $273 50, and the wine account, are sufficiently explained in the answer.

I do not consider the day-book of the complainant which has been produced, to be legal evidence; but if it were, it proves nothing except as to the reception of only $60 instead of $100 on the rent order. And if this was established as to Foote, it could not avail against Lathrop, for the reasons before given.

The bill must be dismissed with costs.

---

(*a*) Next case.