By the Court, Bronson, J.
This point was decided against the defendant in Kent v. Walton, (7 Wendell, 256,) and Whitaker v. Brown, (8 id. 490.) It was held in both of those cases, that the admissions of the payee or other holder of a promissory note, although made while he was the owner, were not admissible evidence against the person to whom the note was subsequently transferred. (See also Bristol v. Dann, 12 Wendell, 142.) In the earlier case of Hurd v. West, (7 Cowen, 752,) which stands on the same principle, it was held that the admissions of a vendor of personal property, though made before the sale, were not good evidence against his vendee.
The fact that Rice had died before the hearing, cannot affect the principle. In Kent v. Walton, the former holder was dead, and yet his admissions were rejected. The cases which have been mentioned proceed on the ground, that the former owner of the property or chose in action is only to be regarded as a witness, without giving any force to the fact that title has been derived through him. Regarded merely as a witness, his declarations are but hearsay evidence, and are alike inadmissb ble, whether he be dead or alive. On the other hand, if we regard him as the source of title, and admit his declarations under any circumstances, to affect those claiming under him, they are alike admissible, whether he be living or dead.
After reading the elaborate .and learned review of the principal question in this case, by Messrs. Cowen & Hill, (Notes to Phil. Ev. p. 644 to 668,) and considering the authorities there collected,(a) I put my judgment upon the sole ground, *614 that the point' has been adjudged against the defendant by those who have gone before me in this court. As an' original question, I should be unable to see any solid distinction between cases relating to real property, where the declarations of the former owner are constantly admitted, and those relating to choses in action and other personal property, where, as we have seen, such declarations have been rejected. As to both, I should have been of opinion, that the admissions of the former owner, made before he parted with his title, were clearly admissible against every one who succeeds to his right and claims title under him. But the decisions in this state in relation to personal property, are the other way.
Motion denied.
*615 DECISIONS 01 CASES ARGUED AT THE SPECIAL TERMS, JULY AND AUGUST, 1841.

 Further, and as repudiating the New-York doctrine on this subject, both in respect to choses in action and choses in possession, see Shirley v. Todd, (9 Greenl. 83,) Hatch v. Dennis, (1 Fairf. 244,) Hale v. Smith, (6 Greenl. 416.) That doctrine was practically denied, moreover, in Peabody v. Peters, (5 Pick. 2,) - and Sergeant v. Southgate, (id. 83.) See also, per Lord Denman, C. J. in Phillips v. Cole, (10 Adol. & Ellis, 106,) and the observations of Mr. Dane, (9 Dane's Ab. 301.)