By the Court.
It was decided by the assistant vice-chancellor, in respect of the note for three thousand dollars, given at the same time with the note in question, that the law derived a presumption from Smedberg’s possession of the two notes of $2000 each, that he had received them before they became due for a valuable consideration, and without notice of the usury. (Smedberg v. Whittlesey, 3 Sandf. Ch. R. 320.) He also held, that the giving of the new notes, without objecting to the validity of the former, was of itself an admission that Smedberg was a bona fide holder of the old notes, without notice of their usurious character. Smedberg recovered in the chancery suit, on the well settled principle, that where a party to an usurious note or bill, gives a new security for it to one to whom it has been transferred for a valuable consideration, without notice of the usury, the new security is valid, although the holder could not have recovered on the note or bill.
We concur fully in the decision of the assistant vice-chancellor. This case differs from the one decided by him, in the single fact that it is here proved, that Smedberg knew the parties alleged the $2000 notes to be usurious; not when he received them, but after they became due, and before he received the new securities given in their stead. We are unable to perceive how this affects the case. The principle on which such new securities are upheld is, that the holder of the tainted bill or note, is innocent of the illegality connected with it, and if prevented from recovering it, will suffer loss without any fault on his part. It is morally just that he should be paid, and this forms a sufficient consideration to support a new security made by a party to the usurious obligation. Now, the justice of his claim for payment, rests upon his ignorance of the usury when he received the usurious paper. It is no less just because he afterwards hears of the usury. Notice of it then comes too late to affect his situation. It cannot restore to him the consideration which he paid for the security. It does not make him any the less a bona fide holder for a valuable consideration.
*88 As to Chapman v. Black, cited by the defendant, we are not disposed to attach much weight to it, for the reason that in its ruling anterior to the point to which it is cited, it is adverse to our own decisions. Thus, Chapman v. Black holds, that a business bill of exchange, sold at less than its face, and paid for partly in cash, and partly in usurious notes of the seller, is void for usury, in the hands of the buyer. Our courts hold, that no rate of discount on such a transaction can make it usurious, provided it be an actual sale. (Cram v. Hendricks, 7 Wend. 569; Powell v. Waters, 8 Cow. 696, per Colden, Senator.)
We were also referred to the opinions of Jones, Chancellor, and Golden, Senator, in Powell v. Waters, as showing that the holder of the usurious security, must remain ignorant until after he obtains the new security, in order to render the latter valid. But we do not so understand those opinions. They seem to us clearly to refer to his ignorance when he receives the original tainted security. This is very evident from the converse of the proposition, as stated by Senator Golden, at page 696.
We have no doubt that the ruling at the trial was right, and the motion for a new trial must be denied. •