## BURLINGAME vs. ROBBINS.

The plaintiff sold and conveyed land to L. and took from him a note for a part of the consideration. L. conveyed the land to the defendant, and died insolvent, leaving the note unpaid. At the time the defendant took the conveyance from L. he had no actual notice of the plaintiff's demand against L. The sale of the land by L. to the defendant was wholly without consideration. In an action brought to enforce the lien of the vendor, upon the land, for the unpaid purchase money; *Held* that the defendant was not a *bona fide* purchaser, but was a mere volunteer, and that therefore the land continued charged with the equitable lien of the plaintiff for the consideration money.

Although the law protects from the lien of the vendor one who purchases in good faith, for a valuable consideration, and without notice, it will not protect a mere volunteer, who has not paid any thing, nor agreed to pay any thing for the land.

The declarations of one in possession of land cannot be admitted for the purpose of showing that an incumbrance upon the land existed, where such person has sold and conveyed the land to a *bona fide* purchaser; *it seems.*

But such declarations are admissible as against a mere volunteer.

APPEAL by the defendant from a judgment entered upon the report of a referee.

*E. E. Harding*, for the plaintiff.

*Grover & Simons*, for the defendant.

By the Court, MARVIN, J. The plaintiff sold and conveyed land to one Leonard, and, as the referee found, took from him a note for a part of the consideration. Within a year after such purchase Leonard conveyed the land to the defendant, and soon after died insolvent. The action was brought for the purpose of enforcing the lien of the vendor, upon the land, for the unpaid purchase money. At the time the plaintiff sold the land there was a mortgage upon it, executed by him to one Denio, which was to be paid by Leonard. Leonard conveyed to the defendant subject to this mortgage. The referee found, as facts, that at the time the defendant took the conveyance from Leonard, he had no actual notice of the plaintiff's demand against Leonard; also that the sale of the land by Leonard to the de-

fendant was entirely without consideration; that the defendant did not pay any amount for the land, or make himself liable to pay any amount, at any time, either to Leonard or any other person, as a consideration for the land conveyed. And he decided that the amount due upon the note, from Leonard to the plaintiff, was an equitable lien upon the land, and directed judgment accordingly. The defendant excepted to the report. The record also contains exceptions taken upon the trial, to the admission of evidence, which will be noticed hereafter.

  . Assuming, as we must, that the facts found by the referee are true, in my opinion the land continued charged with the equitable lien of the plaintiff for the consideration money. The defendant was not a *bona fide* purchaser. He was a mere volunteer. He paid nothing, nor did he agree to pay any thing for the title and interest he acquired from Leonard. The law protects from the lien one who purchases in good faith, for a valuable consideration and without notice. (*See* 2 *Story's Eq.* §§ 1225, 1228, 1232, *and the cases there cited;* 4 *Kent's Com.* 152; 15 *Ves.* 329; 2 *Mad. Ch. Pr.* 128; *Bayley* v. *Greenleaf,* 6 *Wheat.* 46.)

  One who receives a voluntary conveyance is a volunteer; a conveyance is voluntary when it is made without any consideration of value. (*Bouv. Law Dic.*) Such conveyances are fraudulent and void, as to creditors. The plaintiff was a creditor having an equitable lien upon the land conveyed to the defendant, and as the latter took the conveyance without consideration, the equitable lien of the plaintiff was not displaced. The defendant took the naked legal title, but without any equity. Indeed the voluntary conveyance to him was a fraud. If he had paid a valuable consideration, without notice, his legal estate would have been accompanied by an equity, which, though later in time than the plaintiff's, would have enabled him to hold the land, discharged of the plaintiff's equitable lien.

  If the defendant had been a *bona fide* purchaser, having agreed to pay a valuable consideration, and had not paid it, the authorities show that the plaintiff, as vendor, could still have asserted his lien against the land, or against the unpaid

Burlingame *v.* Robbins.

purchase money in the hands of the second purchaser. In such a case the latter purchaser, not having paid his money, takes the estate *cum onere*, to the extent of his unpaid purchase money. (2 *Story's Eq.* § 1232 *and cases cited.* 1 *Hilliard on Real Property*, 475, *&c.*) When a debtor makes a voluntary conveyance for the purpose of defrauding creditors, a court of equity may follow the property into the hands of the voluntary donee, for the benefit of the creditors, although the donee was not privy to the intended fraud. (*Van Wyck* v. *Seward*, 6 *Paige*, 62. *Mohawk Bank* v. *Atwater*, 2 *id.* 54.)

Apply these principles to the present case, and it is quite clear that the plaintiff's lien was not gone by reason of the voluntary conveyance to the defendant. If the plaintiff had obtained a judgment upon his note against Leonard, or for any other indebtedness at the time of the conveyance, he could have attacked the conveyance to the defendant upon the ground that, being voluntary, it was fraudulent as to Leonard's creditors. But as he had already an equitable lien upon the land, I can see no reason why he should not be permitted to assert it against one who could not defend his title against him as a simple judgment creditor.

The referee, under objection and exception, permitted the plaintiff to show, by Leonard's declarations, that the note was given for a part of the consideration of the land conveyed by the plaintiff to Leonard. These declarations were made while Leonard was in possession, and before he conveyed to the defendant. I should have great difficulty in sustaining a decision admitting the declarations of one in possession of land for the purpose of creating, or rather of showing that an incumbrance existed, upon the land, such person having sold and conveyed the land to a bona fide purchaser. I shall not discuss such question. In the present case, as the defendant was not a bona fide purchaser, but a mere volunteer, I think the decision admitting the evidence was not erroneous. The defendant took Leonard's place. His position is more analogous to that of one who takes an estate by succession, or to an assignee of an insolvent. Without pursuing this question, I will refer to the authorities cited on the argument,

and some others. (*Cowen & Hill's Notes,* 644 *et seq.* 4 *John.* 230. 1 *Greenl. Ev.* § 109.) The defendant's counsel cited, 7 *Cowen,* 752; 6 *Hill,* 405; 7 *Wend.* 256. *See also Jackson* v. *Cole,* 4 *Cowen,* 587; 1 *John* 163, 340; 9 *id.* 62; 1 *Comst.* 527; *Paige* v. *Cagwin,* 7 *Hill,* 361.

A point is also made that the referee erred in finding that there was no consideration paid by the defendant. This was a question of fact, and I do not think the finding should be disturbed. It appeared that the deed was prepared at the instance of Leonard, leaving the name of the grantee blank; that he sent for the defendant, and when he came in directed that his name should be inserted, and it was inserted, and the deed executed and delivered. It does not appear that any thing was said by the parties touching the consideration. Leonard was probably apprehensive that some proceedings would be instituted against him by the present plaintiff. The evidence tends to show this. The defendant was examined as a witness, and stated that he agreed to pay for the place and some personal property, the mortgage to Denio and $175, and if the personal property was worth more than $175, he was to pay more. Evidence was given that the personal property was worth from $150 to $175. The referee found as a fact that the sale of the land was voluntary, or rather that it was without consideration. He may not have placed full faith in the statements of the defendant, or he may have put a construction upon the evidence that the $175 was paid for the personal property. He had a right to take into consideration the circumstances existing at the time the deed was executed.

The judgment should be affirmed.

Erie General Term, January 14, 1856, *Bowen, Mullett* and *Marvin,* Justices.]