Bosworth, Ch. J.
This suit is brought on a check which, as the complaint alleges, is dated July 31st, 1857; is for the sum of $950; and was made by the defendant on or about the day of its date, and “ that thereupon for value received, said Doughty delivered said check to the firm of Smalley, Weed & Bartlett, of which firm this plaintiff was at that time a member; that after-wards, and on the same day, said check was duly indorsed in blank by said Houghton and delivered to said Smalley, Weed & Bartlett.”
The check is drawn on the East River Bank, and is in terms payable “ to E. E. Houghton, or order.”
The first defense in the answer is, that Doughty borrowed of Houghton $1,000, and agreed to pay twenty-five cents a day for the use of the money, and gave his check, dated March 20th, 1857, for $1,000, as security for such loan; that this check was renewed various times, that on the last renewal, the check in suit was given to Houghton, and $50 of the principal paid.
The usurious agreement between Houghton and Doughty was proved, and also that interest, on the loan from the former to the latter, was paid at the rate agreed upon. It was also proved, that the check in suit was given as a renewal of $950, in amount of a previous check for $1,000, and that the balance of $50 was paid.
It follows, therefore, that if this renewal-was a transaction between the defendant and Houghton, the check is void, in the plaintiff’s hands, otherwise it may not be.
*71 The plaintiff testified, that “ we (Smalley, Weed & Bartlett) received this check from Houghton.”
Mr. Coombs, a clerk of that firm, testified thus: “ At their request, I took a check of $1,000, made by defendant to the order of and indorsed by Mr. Houghton to the defendant, who took it from me, and gave me his check and $50. I then took this check to Mr. Houghton, who indorsed it, and I gave it to Mr. Smalley.
The check of $50 was dated the next day after this one was.” To whose order, the check for $50 was made payable, does not appear.
There was no evidence what conversation, if any, was had between Coombs and the defendant, at the time of giving the check in question.
The defendant testifies, however, that the “plaintiff brought or sent to ” him the $1,000 check renewed in part by the one in suit, and that the defendant “ took it up by giving him this one.”
Hence, it appears, that the defendant, in giving the check in suit, knew he was dealing with Smalley, Weed & Bartlett. Whatever inferences might be drawn from the fact that the check in suit is made payable to the order of Houghton, still the fact is proved, that the check in suit was given to the plaintiff’s firm; and it is not pretended that any interest was claimed or paid at the time of this settlement, on the surrendered check.
If no evidence was improperly excluded, I am inclined to think, that on the evidence given, the case was properly submitted to the jury.
The only evidence offered (which was excluded) was offered before any evidence had been given, that the check, of which the one sued on is a renewal, was usurious—or in relation to its consideration or origin
I think that evidence must be deemed to have been offered under the second defense.
The defenses are: First, that the check in suit was given to Houghton to renew one, which the defendant had previously delivered to him, to secure a usurious loan; and which (such being the facts) would be void in the plaintiff’s hands.
Second. That the check in suit was made and delivered to Houghton without consideration, and was delivered by the latter to Smalley, Weed & Bartlett, as security for a loan, on which *72 interest was reserved at the rate of eighteen and three-quarters cents per day.
The second defense, as it was probably intended to state it, is that the check first had a legal inception when negotiated to plaintiff’s firm, and that such negotiation of it was to secure a usurious loan, and it was, therefore, void, although there was no pretense of usury between Houghton and the defendant.
The defendant, on the cross-examination of the plaintiff’s first witness, offered “ to prove usury between the payee and Smalley, Weed & Bartlett, when they received check from payee. The offer was overruled on the ground that it was not set up in the answer. The defendant excepted, and asked to have the answer amended, so as to enable him to prove usury between the payee of the check and Smalley,'Weed & Bartlett, and to conform to the facts as claimed by defendant to exist. The motion was denied, and the defendant excepted.
It was not necessary to prove usury between the payee and the plaintiff’s firm, to establish the first defense. There is nothing in the subsequent proceedings, or in the charge which indicates that the Judge was supposed to hold that proof of that fact was an essential part of the defense first pleaded. On the contrary, the Judge subsequently admitted proof of usury between the defendant and the payee, and in effect instructed .the jury, that it was essential to the plaintiff’s right to recover,-.that he should have taken the $1,000 check (which he surrendered) bona fide and for value, and that the check in suit should have been given to him as such holder, on a settlement between, him and the defendant, of the liability of the latter as maker of the surrendered check.
I therefore think it quite clear, that the excluded evidence was offered under the second defense, and,that it was rejected, because no usury was stated in it: that defense neither alleges in general terms, that the transaction between Houghton and Smalley, Weed & Bartlett was usurious, nor does it state facts, which (if admitted to be true) show it to be usurious. The legal interest on $1,000 is over nineteen cents per day.
It seems to me, that the second pretended defense does not state facts sufficient to constitute one. It does not, unless it alleges facts, which establish that the loan by Smalley, Weed & Bartlett *73 to Houghton was made upon a usurious agreement. The evidence was rejected, because the answer did not aver that transaction to be usurious. I think the evidence was properly rejected, if offered as a part of the second .defense, and that it must be deemed to have been so offered, as the first defense, if proved as stated, was perfect without proof of any such fact. In the first defense, there is no allegation as to any transaction between Houghton and Smalley, Weed & Bartlett in relation to the check-in question, or the one renewed by it.
The evidence was inadmissible for the purpose for which it was offered.
After the defendant had given evidence proving that the check in suit was a renewal of one void for usury, and after such evidence had been met by proof that the check in suit had been given to the plaintiff’s firm on a settlement with it of the $1,000 check, and upon a surrender of the latter, the offer was not renewed to prove that the plaintiff’s firm took the $1,000 check to secure a usurious loan, and were therefore not Iona fide holders of it, within the meaning of the rule stated to the jury.
Assuming that such evidence would have been proper had it been then offered for such a purpose, I think the exception taken to the exclusion of the evidence when offered as part of a defense consisting of the facts, that the check was without consideration in Houghton’s hands and was negotiated by him to plaintiff’s firm to secure a usurious loan, does not meet the difficulty of the case on the part of the defendant.
In Catlin v. Gunter, (1 Kern., 368,) the facts alleged constituted usury. The error committed at the trial did not consist in excluding proof of usury when none had been pleaded, but in holding that the usurious agreement offered to be proved was so variant from that alleged, that it should be excluded on that ground.
On the whole case, I think the judgment should be affirmed.
Hoffman, J.
The first question is, whether the defendant can set up as against the plaintiff', the usury which undoubtedly tainted the check, for which that in suit was given in part renewal ?
If the plaintiff, on the case as it is now before us, may be regarded as a bona fide holder of the former check, I think the defendant will be precluded from this defense.
*74 The defendant so far dealt with the plaintiff’s firm as to receive from their clerk the old check for $1,000, to give to such clerk the check in question for $950, and another check dated the next day for $50, which it would seem went directly to the plaintiff’s firm; at least, there is no evidence that this check was drawn in favor of Houghton as the one in suit was.
Thus then the debtor in a usurious check pays to a bona fide holder part of the amount, in truth the very sum originally taken for usury and gives a new note for the balance.
Chief Justice Bronson, in Dix v. Van Wyck, (2 Hill, 522,) says: “Where a note affected by usury has been transferred to a bona fide holder, and the debtor thereupon gives such holder a new security for the debt and takes up the note, he cannot .after-wards set up the defense of usury to an action on the substituted contract. B ut if the substituted contract is made between the same parties, the original taint of usury will affect the new security.”
In Kent, Receiver, v. Walton, (7 Wend., 256, a note for $1,200 had been made by Walton to Kennedy, and indorsed to Ash, who cashed the same at a usurious discount, and had it discounted at the Franklin Bank. At maturity $550 was paid to the Bank, and the note sued upon for $650 was given in renewal. The evidence to show it was accommodation paper was rejected, and this was necessary to make out usury. But the Court expressly hold, that had it been shown that the first note was tainted with usury, and therefore void in the hands of the bank, yet as the latter had given value for it, the giving a new security constituted a new transaction, and the usury of the first note did not affect the second.
The language of Senator Colden, in Powell v. Walters, (8 Cow., 681,) is cited: “ If an original note or security be usurious, a subsequent note or security taken in the place of the original by an innocent and bona fide holder thereof, ignorant of the original usury, is not usurious, unless more than at the rate of seven per cent was taken upon the new note or security.”
See further to the general rule, Smedberg v. Simpson, (2 Sand. S. C. R., 85,) and Smedberg v. Whittelsey, (2 Sand. Ch. R., 320;) Powell v. Walters, (8 Cow., 681,) is the basis of these cases.
I do not think that the fact of the new check being drawn in Houghton’s favor, makes a difference- in the application of this *75 rule. The transaction took place entirely between the plaintiffs and the defendant. The clerk of the former took the old check to the defendant, received the one sued upon, and that for the difference, viz.: $50. The case to which the last clause of Chief Justice Broítson’s opinion in Dix v. Van Wyck refers, is the case of a substituted contract distinctly and exclusively made between the original parties, in which there is in truth nothing but an extension of time, or modification of remedies or obligations, all based upon the original illegal transaction. A party with notice stands in the same situation in this respect, as the original party. (Tuthill v. Davis, 20 John. R., 285.)
The next question is, can the plaintiff claim the position of a Iona fide holder of the first check, ignorant of the usury?
It was sworn to, that the consideration paid to Houghton by the plaintiff’s firm was a loan of money. Yet the check had been in their hands about a month. , ,
However, the verdict of the jury, on the evidence, as in the case, is conclusive upon the facts of the plaintiff’s firm being an innocent party, ignorant of the usury, and having given value. These were matters left to the jury by the Judge.
The next is the most difficult question. If the transaction between the plaintiff’s firm and Houghton, on which the former obtained the first check, was usurious, the plaintiff was not a bona fide holder, and the defense is available.
The answer seeks to set up an unlawful taking of interest between them, but it does not make out a case of usury. The amounts and times are not set forth. Eighteen and three- quarters cents a day on a loan of a hundred dollars for a year, would be gross usury, while on one thousand dollars it would not be usury at all.
But it is stated in the answer that Houghton borrowed of the firm certain sums or amounts of money, the sums or amounts whereof, or the days when the same were loaned are unknown to the defendant. This was done a few days after the date of the check. Then follows the statement of eighteen and three-quarters cents per day being taken on said sums or amounts, for each and every day they remained unpaid, and then that Houghton delivered the check with other securities, as collateral security for such advances.
*76 The defendant offered to prove usury between the payee, Houghton, and Smalley, Weed & Bartlett. This was overruled, on the ground that usury was not set up in the answer. An application was then made to amend the answer, so as “to enable the defendant to prove usury between the payee of the check and Smalley, Weed & Bartlett, and to establish the facts as claimed by the defendant to exist.”
The answer does not aver, even in general terms, usury in this transaction between Houghton and Smalley, Weed & Bartlett; nor does it state facts which, if admitted, would make out a case of usury.
Whether eighteen and three-quarters cents a day would amount to usury or not, depends upon the sum lent. On $1,000, a reservation of eighteen and three-quarters cents per day for interest is not usury.
I do not know of a case in which amendment has been allowed at the trial to introduce the defense of usury, when the pleading makes no such defense, if its averments were fully established. Catlin v. Gunter, (1 Kern., 868,) was not such a case. It seems to me the question stands on the same ground as if there had been no defense of usury set up. (Gould v. Horner, 12 Barb., 601, and cases.)
The judgment should be affirmed.
Judgment affirmed, with costs.