Seventh Ward National Bank v. Newbold.

## City Court.

*Trial Term—March,* 1885.

## SEVENTH WARD NATIONAL BANK *against* NEWBOLD ET AL.

Notes given on gambling transactions are declared void by statute, but if they are transferred to an innocent holder, and while in his hands the note is renewed, the taint of illegality is removed, and the innocent holder may recover on the renewed note, although he could not have recovered on the original note.

McADAM, Ch. J.—Notes given on gambling transactions are like negotiable instruments given in violation of the statute against usury—both are declared void by statute, and the same principles and qualifications are equally applicable to both (*Edwards on Bills,* ed. of 1857, p. 368). The original note herein was made by the defendant Newbold, and was given by him to the defendant Coffin, who had it discounted at the lawful rate of interest by the plaintiff, before maturity. The defendants, at its maturity, renewed the original note. It was then held by the plaintiff as an innocent holder for value, without notice of any infirmity in it or defense to it. The rule undoubtedly is that if the original note is void, all new contracts growing out of it are alike void (Mabee v. Crozier, 22 *Hun,* 264; Treadwell v. Archer, 76 *N. Y.* 196).

But this rule, like many others, has its exceptions. The rule does not apply to the present case, which comes within the well established exception that where an usurious instrument comes into the hands of an innocent holder who, not knowing of the usury, accepts a new security in renewal, the latter is valid (Cuthbert v. Haley, 8 *T. R.* 390 ; Powell v. Waters, 8 *Cow.* 681 ; Kent v. Wal-

ton, 7 *Wend.* 256; Brinkerhoff *v.* Foot, 1 *Hoff. Ch.* 291; Dix *v.* Van Wyck, 2 *Hill,* 522; Smedberg *v.* Simpson, 2 *Sandf.* 85; Smalley *v.* Doughty, 6 *Bosw.* 66, 74; Kilner *v.* O'Brien, 14 *Hun,* 414; Bradley *v.* Manning, 12 *Weekly Dig.* 497). The defendant had his *locus pœnitentiæ* when the first note matured. He had it in his power then to plead the statute and defeat a recovery even by an innocent holder. The defendant thought better of it, and did not choose to exercise that arbitrary right, but voluntarily gave the plaintiff the note in suit upon receiving back from it the contaminated note canceled.

If the substituted security had been given to the party to the original contract, it would, like that, have been void in its inception; but the original security had passed into the hands of the plaintiff. It was ignorant of the illegal character of the original transaction, and the renewal of the first note purged it of its infirmities. In other words, the note in the hands of the plaintiff, a *bona fide* holder, innocent of any violation of the law, was capable of ratification by the wrongdoer, and when the note which represented the illegal transaction between the original parties was returned to the defendant and canceled, it was competent for him to make a new contract with the innocent holder to pay to it the loss which it would otherwise have sustained by means of the defendant's indiscretion and wrong. There is nothing in this which offends the statute, public policy or good morals, for the new contract is consistant with that principle of justice which is embodied in the maxim that "where one of two innocent persons must suffer from the fraud of a third, such loss shall fall upon the one whose act has enabled the fraud to be committed." The defendant recognized this legal rule of moral ethics when he gave the renewed note, but declines to follow it when called upon to give it practical effect. It is too late to repudiate now. The law favors innocent parties and denies redress only to those *in pari delicto.*

The verdict in favor of the plaintiff was properly directed, and the motion for a new trial must be denied.

### Destroying Old and Making New Contract.

If the usurious contract be mutually abandoned by the parties, and the securities be canceled or destroyed, so that they can never be made the foundation of an action, and the borrower subsequently makes a contract to pay the amount actually received by him, this last contract will not be tainted by the original usury, and can be enforced (Sheldon *v.* Haxtun, 91 *N. Y.* 132, per EARL, J., citing Hammond *v.* Hopping, 13 *Wend.* 505 ; Kilbourn *v.* Bradly, 3 *Day,* 356 ; Hourer *v.* Planter's Bank, 57 *Ga.* 95 ; Bank of Monroe *v.* Strong, *Clark Ch.* 76. See also Goulding *v.* Davidson, 26 *N. Y.* 609 ; Miller *v.* Hull, 4 *Denio,* 107 ; Jacobson *v.* Bradley, *Daily Reg.* February 12, 1887).