## SUPREME COURT.

### JOHN LA FARGE agt. WILLIAM W. VAN WAGENEN.

A sale under a judgment of foreclosure, being advertised for the 11th of December, 1856, the defendant, on the 9th, procured an *ex parte* order, accompanied with a stay of all proceedings, for a motion to set aside the proceedings. By reason of this stay, the referee, at the time and place of sale, declared it adjourned generally, without stating it to be adjourned to any particular day. The stay was soon after dissolved, and the motion denied. In the next weekly issue of the paper in which the sale had been advertised, a notice of adjournment from Dec. 11th to Dec. 18th, was regularly published, and the sale was had pursuant to such adjournment.

*Held*, that defendant, whose act in procuring an unwarranted stay of proceedings, had prevented the referee from announcing, at the time appointed for the sale, the adjourned day, should not be allowed to take advantage of the irregularity, if there was one.

Where a party procures an order to show cause for a motion, accompanied with a stay of proceedings, to which he is not entitled, it is his duty, and not that of the judge, to supervise the regularity of the proceedings, and to see that the order is not too broad for the case on which it is founded. If it be so, and if one of the parties must suffer in consequence, the court will not interfere to throw the loss or burden on the party who was improperly restrained; but will leave it on the party who was the cause of it.

Although the proper method of adjourning a sale, or other judicial proceeding, would include the naming of the adjourned day, yet, in the case stated above,

*Held*, that it would be contrary to the dictates of good faith, and allowing the party to take advantage of his own wrong, to grant his motion to set aside the sale.

*Brooklyn Special Term, March,* 1857.
MOTION to set aside sale of mortgaged premises.

C. E. APPLEBY & W. C. NOYES, *for plaintiff.*
WM. W. VAN WAGENEN, *in person.*

BIRDSEYE, Justice.   The defendant bases this application on six different grounds; the first and sixth of which properly concern the *merits;* while the others relate only to the regularity and validity of the proceedings.

La Farge agt. Van Wagenen.

The first objection, which grows out of the alleged substitution of the trust deed for the mortgage and the judgment of foreclosure thereon, was brought before this court, in the first district. That point was expressly passed upon there, at the general term, and a temporary injunction was dissolved, which had been granted upon the allegation of Mr. Van Wagenen, that substitution had taken place, and that La Farge's right to proceed on his judgment in foreclosure was equitably barred, by his receiving an inconsistent security.

As I intimated upon the argument of this motion, that decision must be held conclusive till reversed upon appeal; and I also suggested that unless a state of facts was shown on this motion materially different from that presented upon that one, that point would not be further examined. No such difference between the facts set forth then, and those which now appear, was pointed out. This objection must consequently be overruled.

The second and third grounds for the motion, (that a sale of mortgaged premises out of the county in which they are situated, will be wholly inoperative, will convey no title to the purchaser, and that the judgment is inoperative, by reason of its having been applied for and obtained in a county different from that in which the mortgaged premises are situated,) were both, in substance, involved in the motion heard and decided by Mr. Justice ROCKWELL, on the 28th of April, 1856, whose order was affirmed, with a slight modification, on a different point, at the general term in this district, on the 24th of October last. They are, therefore, dismissed.

The fifth objection (that the notice of the proposed sale was first published before the actual entry and service of the order of the general term last mentioned, which affirmed the order appealed from, and dissolved the stay of proceedings,) was passed upon by Mr. Justice STRONG, on the motion, on the 12th of December last. It is likewise dismissed.

The sixth objection must share the same fate.

The plaintiff positively denies that he has done any acts, or circulated any reports with a view of preventing competition

La Farge agt. Van Wagenen.

from bidding, or preventing a *bona fide* sale. The fact that the deposit of ten per cent. and the fees of the auctioneer, upon the sale, were not paid, is not pointed out in the notice of motion as an irregularity, on which this motion was to be made. If it had been, the objection is fully answered by the proof that the plaintiff's attorney bought in the premises on the behalf, and for the benefit of the plaintiff. It would have been an idle ceremony for the plaintiff to have paid the deposit to the defence, and received it back again. And as for the auctioneer's fees, when he applies to the court for relief on that subject, his rights will be considered. The defendant is not made the guardian of his interests.

The only remaining objection arises out of the alleged irregularity of the sale, and the adjournment, on the 11th of December last. The facts attending this adjournment are these :—

After the order of the October general term had been made, the plaintiff proceeded to advertise the sale of the mortgaged premises again. The day fixed for the sale was the 11th of December. Late in the afternoon of the tenth of December, the defendant served on the plaintiff's attorneys an order, dated on the ninth of that month, staying proceedings for the sale, and requiring them to show cause on the 15th why the proceedings to effect a sale should not be set aside as irregular. On the 11th the referee and the parties attended at the time and place of the proposed sale. The referee proclaimed that the sale was adjourned, without fixing any period for the adjournment. The order to show cause was changed by the judge from the 15th to the 12th of December, and the motion heard and denied on that day. On the next Wednesday, the 17th Dec., the adjournment of the sale from the 11th to the 18th of December, was inserted in the newspaper in which the notice of the sale had been published on that day of the week for the seven preceding weeks.

On this state of facts, the first and most obvious remark is, that whatever irregularity there was in the adjournment, if any, was the direct necessary result of the defendant's own conduct. He chose to take the risk of making his motion to set aside the

La Farge agt. Van Wagenen.

advertisement of sale as irregular, and instead of doing that in the regular, orderly course of practice, by a notice of motion, given in due season, he elected to wait till the day before the sale, and proceed by an order to show cause, gotten, *ex parte*, on the eve of the sale. Instead, then, of leaving it open for the the plaintiff to adjourn the sale, till the motion could be heard and disposed of, the order to stay was absolute. In terms, it did not admit of an adjournment: and the plaintiff and referee obeyed it.

The attention of the judge who granted the stay could not have been called to the fact, that it was so broad as to forbid an adjournment: for otherwise he would, no doubt, have modified it in that respect. But it is the duty of the attorney or party, and not of the judge, to supervise the regularity of the practice, and to see that the order taken is not too broad for the case on which it is founded. For all the evil consequences that ensue from the obtaining of improper orders to show cause, the parties taking them out ought to be, and must be, held responsible. And if they involve themselves in difficulty by departing from the due course and practice of the court, they are not entitled to relief at the hands of the court. No one can have been, even for a short time, conversant with the course of business in the courts, without seeing how frequent is the resort to stay of proceedings and orders to show cause; and to what an extent they have superseded the proper course of proceeding by the notice of motion. It is time it should be known that the stays of proceedings and the order to show cause are not the usual every-day method of conducting an action, but only the extraordinary interposition of the court, granted only when there is a pressing necessity, and to prevent the happening of some event likely to work mischief to the party. If set aside, it should be made to work as little mischief as possible to the opposite party. And between the two, if mischief must ensue, the court should not interfere to make it fall upon the party who has been improperly restrained upon the motion of his opponent.

It is proper to add, that it is not intended to charge the de-

fendant in the present case with a want of good faith, or an intention to produce the difficulty which has, in fact, resulted. It was stated at the argument that ill health had been, in part at least, the occasion of the delay in the motion made in December. Upon that statement I shall relieve him from any imputation of unfair dealing; though not from the rule that, if the irregularity complained of be doubtful, every presumption will be indulged against him, and in favor of his opponent.

There is no proof whatever that any person was misled by the failure to proclaim, on the 11th of December, the day to which the sale was adjourned—or that any bidders were in attendance on that day. On the contrary, it is reasonable to infer that, at the time of the adjournment, the causes for making it in an unusual manner were stated, and that the order to stay proceedings was referred to, and persons present were informed that the notice to be published must be relied upon, to state the particular day fixed on for the sale.

It is true, that the primary signification of the term, "adjourn," is to put off, or defer to another day specified. But it has acquired also the meaning of suspending business for a time—deferring, delaying. Probably, without some limitation, it would, when used with reference to a sale like the present, or any judicial proceeding, properly include the fixing of the time to which the postponement was made.

There is no express provision of the statute, or of the rules of the court, however, which requires the naming of the future day. No doubt, if a fixed day is named, the sale must be had on that day; and if there be a variance between the notice announced upon the adjournment and that published in the newspaper, the sale will be irregular. (*Miller* agt. *Hull*, 4 *Denio*, 104.)

It is undoubtedly, also, the general rule, that the day to which such a postponement of sale is made should be specified at the time of the adjournment. And if a failure in that respect were owing to the acts of the plaintiff, or his attorney, I am not prepared to say that the sale could be upheld. But I am of opinion that to allow the objection to prevail in the present

instance, would be enabling the party to take advantage of his own wrong to the serious injury of an innocent opponent.

Motion denied, with $10 costs.