## SUPREME COURT.

PECK, trustee, agt. THE NEW YORK AND NEW JERSEY RAILWAY COMPANY.

DEMAREST, trustee, agt. SAME.

*Railroad foreclosure — Computation of amount due — What must be shown to sustain averment of inadequacy of price — Void order.*

Where, in a foreclosure of a railway mortgage, bonds are outstanding and pledged as collateral, it is not error for the referee to compute, to include them in his estimate of the amount due.

A person obtaining a void order cannot use it to excuse the laches caused by trusting to it.

An order vacating an order is a judicial authority that it should not have been granted.

*Second Department, General Term, September,* 1880.

*Clarkson N. Potter,* for appellants.

*H. W. Brewster* and *Charles B. Alexander,* for respondents.

DYKMAN, *J.* — The plaintiffs in these actions are trustees for the holders of the mortgage bonds issued by the defendant and a company to whose rights and obligations it has succeeded. These actions were brought to foreclose the mortgages made to secure the bonds and proceeded to a sale. A holder of several of these bonds moved, at special term, to set aside the sale and presented three grounds to the consideration of the court: 1st. Error of law by the referee to compute whereby an excessive amount was reported due. 2d. Inadequacy of price. 3d. Surprise or mistake preventing his presence at the sale.

A number of the bonds were pledged as collateral to debts

Peck agt. New York and New Jersey Railway Company.

of the company by it before their regular issue.   These were included in the referee's computation.

The appellant contends that these never had a legal inception.   The respondents' answer is, that the company having failed·to pay the pledges have sold, and the liability of the company becomes fixed.   That this is true of some is shown by the appellant's petition showing title to a part of his bonds thus gained.   Such eventual disposition of all bonds pledged was natural and properly provided for.   The appellant had an order staying the sale.   This was vacated on the day of the sale, and he pleads that relying on this order he made no preparation to attend the sale, and learning it had been vacated too late he was not present.   The order vacating was an adjudication that the order should not have been granted in the first instance.   This court will not interfere to throw the loss on the party improperly restrained and give the appellant advantage of this wrong (*La Farge* agt. *Van Wagenen*, 14 *How. Pr.*, 54).

We do not think inadequacy of consideration established; but if it were the disposition we have made of the other points would leave it standing alone and would require such inadequacy as "would shock the conscience and amount, in itself, to conclusive and decisive evidence of fraud" (*Story Eq. Juris.*, sec. 246).

The order should be affirmed.