## MILLER *vs.* HULL.

Where upon a statute foreclosure of a mortgage, the mortgagee attended at the day and place mentioned in the advertisement, and adjourned the sale to a future day, but notice of the postponement as published was for a different and more distant day, on which day the sale was actually made; *held* that such sale was irregular and void.

Though the parties to an usurious transaction may reform it by cancelling the original security and making a new obligation for the amount due after deducting the usury, they cannot, by any transaction between them, render valid such original usurious security.

Accordingly where the holder of an usurious mortgage endorsed thereon an amount equal to the sum included in it for usury; *held* that the mortgage was nevertheless void, though such endorsement was made with the assent of the mortgagor.

EJECTMENT for lands in Cortland county, tried at the circuit court for that county in August, 1844, before the Hon. B. Whiting, C. Judge.

Miller *v.* Hull.

The plaintiff claimed title to the premises in question by virtue of a statute foreclosure of a mortgage covering the premises, executed by the defendant on the 22d of May, 1832, to one Stephen Chipman, and by the administrator of Chipman assigned to Sally Chipman, and by the latter to the plaintiff. The mortgage was given to secure $2200, payable on the first day of January, 1838, with annual interest. The affidavits produced to establish the regularity of the statute foreclosure showed that the notice of sale, which was signed by the plaintiff as assignee, and dated December 18, 1843, was for a sale at the court house in Cortland village, on the 21st day of March then next. The affidavits also showed that after the day of sale had passed, a notice was duly published, annexed to the original notice, postponing the sale to the 16*th day of April then next*, at the same place. The affidavit of the person who acted as auctioneer was also read, which showed that on the last mentioned day the premises were sold to the plaintiff as the highest bidder, for $2000, and that the sale was fair, &c. The defendant was proved to be in possession, and the plaintiff rested.

The defendant then proved that on the 21st day of March, 1844, the day of sale mentioned in the first notice, the plaintiff's agent attended at the place of sale and publicly postponed it to the 10*th day of April* then next. It subsequently appeared that the change of the day in the notice published, to the 16th of April, arose from a mistake of the printer.

The defendant also set up that the mortgage was usurious; and he gave evidence tending to show that about ten dollars was included in the mortgage at the time it was executed, as an usurious premium. In answer to this evidence the plaintiff examined as a witness L. Hoes, who testified that the mortgagee (before he had assigned the mortgage) in the year 1833, directed the witness to endorse $9,45 upon the bond which accompanied the mortgage, in order, as he said, to leave the exact sum payable thereon which he had advanced, and that the defendant was present and made no objection. The bond showed such an endorsement, dated May 1, 1833. On his cross-exam-

ination the witness stated that he could not say that the defendant was present when the endorsement was made, or that the order to have it done was given in the defendant's presence. There were other grounds of defence arising out of alleged irregularities in the proceedings to foreclose the mortgage, but which are not necessary to be stated, as no opinion in respect to them was given by the court. The defendant's counsel insisted that the sale was void for not having been made on the 10th of April, to which it was actually adjourned, and for the want of a publication of a notice of postponement for that day; and also relied on the defence of usury.

The judge charged the jury that the plaintiff was entitled to recover unless the defence of usury was established; and that if the mortgage was usurious when executed and delivered, and the parties afterwards met and reformed it and took out the usury, the mortgage then became valid. The defendant's counsel excepted, and the jury found a verdict for the plaintiff. The defendant moves for a new trial on a case.

*B. D. Noxon.* for the defendant. 1. On the day for the sale as first advertised, it was adjourned to the 10th day of April ensuing, but it took place on the 16th, without any attendance or further adjournment on the 10th of April. It was for this reason void. 2. Taking the whole of the testimony of the witness Hoes together, there was nothing to submit to the jury to enable them to find that the usury had been deducted from the mortgage with the assent of the defendant. But if there had been, it would not restore the validity of the mortgage. (*Moncure* v. *Dermott,* 13 *Peters,* 345; *Hammond* v. *Hopping,* 13 *Wend.* 505; *Jackson* v. *Dominick,* 14 *John.* 435.

*J. A. Spencer,* for the plaintiff, cited as to the first objection, *Sayles* v. *Smith,* (12 *Wend.* 57.)

*By the Court,* BEARDSLEY, J. The mortgage sale was advertised to take place on the 21st of March, at which time, and at the place appointed for the sale, it was adjourned to the 10th

of April. By mistake the printer stated in his next paper, and so onwards, that the sale was postponed to the 16th instead of the 10th of April, as the fact was. The sale took place according to the printed notice, on the 16th, and the judge held that this was valid. In this, I think he erred. The statute directs the mode in which mortgages may be foreclosed by notice and sale, and the manner of giving notice and of postponing such sales, as well as the mode in which they should be conducted. (2 *R. S.* 545, 6, § 1 *to* 6.) A postponement may be made before the day appointed for the sale, by inserting a notice thereof in the newspaper in which the original advertisement was published. (§ 5.) Or it may be made at the time and place appointed for the sale, by stating to those present the time and place to which the adjournment is made. In such case the subsequent notice, to be inserted and continued in the newspaper until the time of sale, must conform to the adjournment as previously announced and made when the adjournment in fact took place. In the present case, the adjournment to the 10th of April was regular, but the printed notice that the sale was postponed to the 16th was unauthorized and irregular, and the sale on that day was wholly void.

The charge on the point of usury was also erroneous. There is no possible mode in which an usurious security can be made good. The vice, as to such security, is incurable. But the parties to an usurious transaction may, doubtless, reform it; and by cancelling the usurious security and giving a new obligation for the real sum which ought to be paid, excluding all usury, the party will be bound. (*Comyn on Usury,* 183 *to* 185; *Wright* v. *Wheeler,* 1 *Camp.* 165, *note; Barnes* v. *Headley, id.* 157—*overruled* 2 *Taunt.* 184; *Blyden. on Usury,* 91; *Kilbourn* v. *Bradley,* 3 *Day,* 356.) Nothing like this was pretended in the present case. The judge "charged the jury that if the mortgage was usurious at first, and the parties afterwards met and reformed it, and took out the usury," it became valid, and the plaintiff could recover upon it. This cannot be sustained in point of law. Nor do I see that there was any evidence on which such a fact could have been found by the

jury. Although the direct examination of the witness, (Hoes,) gave color to the supposition that the defendant was a party to an arrangement by which nine dollars and forty-five cents were endorsed on the mortgage with a view to bring it down to the sum actually received by the defendant, still, on cross-examination, the witness said he could not say the defendant " was present when the $9,45 was endorsed, or that the order to have it done was given in his presence." He therefore did not show that the defendant was in any respect a party to the act of making that endorsement, or in any way connected with it. But it is not important whether he was such a party or not : if he was, conceding the mortgage to have been originally usurious, it would remain so notwithstanding this endorsement, no matter by whom, or upon what arrangement it was made.

New trial ordered.