Allen, J.
delivered the opinion of the court.
It is one of the settled and most cherished principles of a court of equity that he who seeks equity must do equity. It will not relieve against a judgment obtained by the fraud of the creditor but on the terms of paying what is justly due. And so in cases of gross extortion and oppression, where security has been given for the payment of money for goods sold, when the security has been decreed to be surrendered, it has always been upon the terms of paying what was really due. The same course of decision has prevailed in cases arising under the statutes against usury. The Court of chancery in England had invariably held under their statutes, that if it be necessary to go into *10 chancery to displace a judgment, it could he done only upon the equitable terms of paying the principal mo-really due, with lawful interest. And as this doc^rjne wag fauailiaa* to our legislature, we are bound to presume that in adopting the statute they adopted it as it had been construed. This principle, uniformly followed where the debtor himself was the party impeaching the transaction, was in the leading case of Scott v. Nesbitt, 2 Bro. Ch. R. 641, applied to the creditors of the debtor.
In that case there was a judgment on a bond of the testator against his executors, and a bill filed for an account of assets: The other creditors objected to the debt as 'usurious, an objection which they had no opportunity of making before; but it was held that the judgment should stand for the money actually due, and the interest. The authority of this case was recognized and followed in this court in Rankin's exo'r v. Rankin's adm'r, 1 Gratt. 153. In that case the original bond was tainted with usury; and if that defence had been relied on in the action upon the bond, it would have avoided the obligation entirely. But as a judgment had been obtained upon the bond, the usury could not have been used as a defence to an action at law upon the judgment; and this court determined that the relief in equity, whether sought by a bill for relief against the judgment, or made the ground of defence to a bill by the judgment creditor for an account of assets, must be limited to the rejection from the claim of the usurious excess. The foregoing principles must rule this ■case. 1 On the 24th of December 1839, John Chamberlin executed his bond to William Martin for the sum of 385 dollars; and on the same day gave a deed of trust to secure the payment. The transaction was confessedly usurious; and at law both the bond and the deed of trust might have been avoided in toto by the defence of usury. Subsequently the parties agreed to cancel *11 the bond; the debtor executed a new bond for the sum really advanced and «justly due; and covenanted and agreed that the deed of trust should remain a good curity for the amount of the new bond. After these transactions, the appellees recovered a judgment the debtor for a debt contracted prior to the execution of the deed of trust; and thereupon filed this bill to remove the deed of trust out of the way of their judgment lien. Without deciding in this case, whether it is competent for a judgment creditor to set up the defence of usury for his debtor, it is sufficient to say that if he is let in, it must be on the terms of a court of equity. Although the deed of trust was void at law; and, being void in its inception, even although the debtor could have defeated a recovery in an action of ejectment by the defence of usury, notwithstanding the subsequent agreement; yet when he seeks relief in equity, he can obtain it only upon the principles of that forum. The judgment creditor had no day in a court of law, he was compelled to resort to equity; and according to the case of Scott v. Nesbit, ubi supra, the measure of relief to which he was entitled, was to purge from the amount of the claim the usurious excess.
In this case the parties themselves have done what a court of equity would have required them to do. As this is not a proceeding under the Sd section of the statute, it must be conceded on all hands that if the parties had made no attempt to purge the claim of the usury, equity would only relieve upon the terms of paying the debt really due with interest; and their doing what they could to remove the taint of usury, should not in a court of equity place the creditor in a worse condition than if he had done nothing. They never canceled the deed of trust. In contemplation of both and by their express agreement, it was to continue as a security for the money actually loaned. The agree *12 ment, if regarded at all, should be taken altogether. ^ ^ disregarded, the parties are thrown back upon original transaction, and then the measure of relief eqUi¿y jg clear from cL0U4,t. Or if it is to have any influence on the case, its terms should be adhered to, unless some rule of law or principle of equity be thereby violated.
The faet that the debt of the appellee was contracted before the execution of the deed cannot affect the case. There is no allegation of fraud, and until he obtained his judgment the appellee was a creditor at large.
The court is therefore of opinion, that so much of the decree of the Circuit court is erroneous as held that the deed of trust of the 24th December 1839 should not be treated as a security for the sum actually loaned, with legal interest, as against the appellee’s judgment creditors seeking the aid of a court of equity to remove the same out of their way.
Reversed with costs; and cause remanded with instructions to direct a sale of the land, and to apply the proceeds, first, to the payment of the sum of 272 dollars, with interest from the 31st December 1839 until paid, and his costs, to the said William Martin or his representative; and the residue to the several claims in the said interlocutory decree of the 19th November 1844 mentioned, according to their priorities as therein ascertained.
Decree reversed.