## John S. Smith v. Charles M. Stoddard and Others.

Where unlawful interest has been paid upon money loaned, and a new security is afterwards taken for the principal, the debtor is not entitled to have the amount of the interest so paid deducted when suit is brought on the new security.

But if in the new security a sum is included for unlawful unpaid interest, the security to the extent of the unlawful interest is without consideration.

On an usurious contract the plaintiff may always recover interest up to the highest legal rate not prohibited by the statute, if such are the express terms of the contract.

*Heard April 25th and 26th. Decided May 6th.*

Appeal in Chancery from Wayne Circuit.

*Walker and Kent* for Complainant:

Usury in the previous transactions does not affect the. $500 of principal in the note in suit: 3 *T.· B Monr.* 346; 3 *J. J. Marsh.* 682; 6 *Metc.* 296; *Craig v. Butler*, 9 *Mich.* 21..

The $49 it is insisted, on the evidence, was given for *legal* interest. But if not, it is claimed to be still recoverable. A note given for a prior liability is a payment : at least if the creditor choose so to regard it. The fact that the note is given for usury due on a previous contract does not show that it is without consideration : 30 *Me.* 118. The usurious contract, not being void under our law, could have been enforced in another state, though not here; and the debtor, by giving the note, is discharged from his liability of being compelled to pay the usury by a suit in some other state: 32 *N. H.* 582; 7 *Metc.* 14; 12 *Vt.* 464.

Is a note given in payment of usurious interest void because usurious ' in the sense of our statute? There is a sense . in which a note given in payment of usurious interest, may be said to be given upon a contract whereby a greater rate of interest has been reserved, than is allowed by law. But in precisely the same sense the same thing may be said of the note of a third person given in payment of a usurious contract. But such a note is not usurious: 9 *Mich.* 21. It would seem, then,. that the words of our statute " made or given for or upon a consideration or contract," are to be understood not in their broadest meaning, but in a more restricted sense. They must be understood as referring to the giving. of a note or bill in connection with the making of an usurious contract, and as a part thereof, and not to a,

note or bill given in payment of a previous usurious contract. With this construction our statute has not altered the law as to what contracts are usurious, and notes given in payment of usurious contracts are not so. 8 *N. H.* 276; 9 *Mass.* 46; 9 *Mich.* 21.

*Knight and Jennison* for defendants:

The abrogation of the penal features of the statute only open it to more liberal construction to effectuate its policy: 12 *Ohio,* 153; 11 *N. Y.* 375; 3 *Metc.* 526.

When usurious paper is renewed by giving new paper, in payment or as a substitute for the usurious paper, unless the new paper is entirely purged of the usury, the statute applies, and a deduction is to be made of all the usurious interest which may have been reserved or taken: 15 *Mass.* 96; 10 *Mass.* 121; 22 *Me.* 184; 25 *Me.* 33; 31 *Me.* 415; 3 *How.* 62; 8 *Cow.* 685; 9 *Cow.* 647; 20 *Johns.* 285; 6 *Wend.* 415; 21 *Wend.* 415; 21 *Vt.* 123; 5 *N. H.* 376.

The statute is not avoided even where the paper taken is that of a third party: 30 *Me.* 120; 2 *N. H.* 335; 1 *Greenl.* 167; 25 *Me.* 33.

CAMPBELL J.:

This is a Bill filed to foreclose a mortgage, and the defense of usury is set up. The mortgage in controversy is for $549, and no usury is alleged to have been exacted or agreed upon under it, but the transactions complained of were anterior. It appears that a loan of $500 was made in November, 1856, and another of $300 in April, 1857, on both of which unlawful interest was paid. That in July, 1857, all the back interest was paid up, and the principal reduced to $500, for which a new mortgage was given, the old securities being cancelled. Subsequently, $300 of this principal was paid up, and unlawful interest was also paid in money from time to time. Additional loans of $100 and $200 were afterwards made in 1858,

on which excessive interest was in like manner paid. On the 18th of July, 1859, this entire principal of $500 remained unpaid. The mortgage in controversy was, on that occasion, given for $549, which was for the principal due, and for due bills held by complainant for back interest. The old mortgage was released, and the new one given on a part only of the premises covered by that. Defendant Stoddard is the only borrower throughout.

These are the facts as we deduce them from the pleadings and evidence, and are all that we deem material to dispose of the case. There are several matters in proof which we have not referred to, because we do not regard them as important.

The mortgage in suit is a new security, given with its accompanying note upon a complete settlement of all the former transactions. The sum of $500 embraced in it is money actually lent by complainant to defendant. It includes no direct usury, because the principal had never been reduced or intended to be reduced; all payments which had been made, having been expressly made upon interest. It appears that the usurious interest was always either paid in money or put in the shape of separate due bills and amounts. We do not think, as to this sum of $500, that there can be any deduction allowed. When parties have actually paid the usurious interest, and then come to a *bona fide* settlement, and make new securities which include nothing but an actual loan, and are not meant as mere evasions, we do not think the new contract can be regarded as either usurious in itself, or based on a usurious consideration. The statute does not contemplate the recovery back, or allowance of unlawful interest once paid, unless in a suit upon the contract under which it was exacted. A new security, between the same parties, embracing not only a valid debt, but also a claim for *unpaid* usurious interest, would undoubtedly be founded to that extent on a usurious consideration, and therefore

liable to abatement. But the abatement cannot, we think, under our statute, go further. The law does not absolutely avoid contracts for usury, and if parties completely perform them they are remediless.

The only question, therefore, is, whether the sum of $49 included in the mortgage is a valid indebtedness. It appears to have been made up entirely from due bills for back interest. As the previous mortgage for $500 called for ten per cent on its face, and as the parties seem to have considered—although erroneously— that the $300 last loaned were secured by it, there was no interest which could be embraced in these due bills except the excess beyond ten per cent. This excess was not lawfully recoverable, and did not, therefore, make a valid consideration for the new securities. It must therefore be deducted.

It is claimed by the defendants that, where usury is taken, the interest lawfully recoverable cannot exceed seven per cent, although ten per cent may be legally bargained for in other cases.

The statute allows only a deduction of that which exceeds what might be legally bargained for. Nothing is usury unless it exceeds ten per cent, and nothing but usury can be considered in reducing the judgment;—or, to speak more correctly, the plaintiff may always recover interest up to the highest legal rate not prohibited by the statute, if such are the express terms of the contract.

The decree must be so modified as to credit the defendants with $49 and interest at ten per cent from the date of the mortgage. They are also entitled to the costs of this Court, but not of the Court below.

The other Justices concurred.