<hr/>

TAYLOR, appellant, and MORRIS, respondent.

1. As between the parties to an usurious instrument, or as against a subsequent holder with knowledge of the defect, the original taint of usury attaches to all substituted obligations or securities however remote, unless the transaction be purged of the original vice by expunging the usurious element.

2. A new settlement of the accounts between the borrower and lender, and the cancellation of the original security, or the introduction of a new consideration in the shape of an additional loan, will not operate to give validity to any succeeding obligation which secures the usurious exaction.

3. In setting up a defence of usury in a suit in chancery the defendant must, in his answer, as in a plea of usury in an action at law, set out the particular facts and circumstances of the supposed usurious agreement, that the court may see that the agreement was in violation of the statute.

Taylor *v.* Morris.

4. The burden of proof is on a defendant alleging usury, and the defense must be sustained by such preponderance of evidence at establishes the truth of the allegations on which it depends, beyond a reasonable doubt.

On appeal from the decree of the Chancellor, made on the advisory opinion of the Vice-Chancellor, reported *ante p.* 439.

*Mr. W. H. Vredenburgh* and *Mr. B. Williamson,* for appellant.

*Mr. J. J. Ely* and *Mr. J. Wilson,* for respondent.

The opinion of the court was delivered by

DEPUE, J.

The bill in this case is filed for the foreclosure of two mortgages, made by the appellant to the respondent, bearing date respectively on the 26th of August, 1867, and the 12th of April, 1869, each in the sum of $2000. The defence is usury in each of the mortgages.

The allegation of the defendant is that the first mortgage was given to secure money loaned at the time the mortgage was made, and that only $1746.10 was paid to him, the balance being retained by the complainant as a bonus, in pursuance of a contract to that end between the parties. Two checks are produced, made by the complainant to the defendant, each bearing date contemporaneous with the mortgage, the one for $1000, payable on demand, the other for $746.50, payable on the first day of October following. The defendant testifies that he received no other consideration for this mortgage than these two checks. The complainant testifies that at the making of the mortgage the sum of $250, or thereabouts, was due to him from the defendant for money loaned out of pocket, in several sums, within a month prior to the mortgage ; that the amount was figured up and included in the mortgage; and that the mortgage was given for the precise sum due, nothing being retained by way of a bonus.

With respect to the second mortgage, the defendant's

allegation is that he was indebted to the complainant in the amount of two notes, the one dated February 24th, 1869, for $500, the other dated March 29th, 1869, for $600; and that the said mortgage was given for those two notes and the sum of $600, advanced when the mortgage was made, the balance being retained as a bonus for the loan. He further alleges that the complainant had illegally retained upon the loans for which the said notes were given, ten per cent. over and above the lawful interest. The complainant testifies that, besides the sums above mentioned, another note he held against the defendant, for $150, bearing date on the 25th of January, 1869, was included in the mortgage, and that the difference was made up of moneys due him on other transactions, which were adjusted at the time. Of these latter transactions the complainant does not profess to be able to give any accurate account. He declines to swear positively as to dollars and cents, but testifies directly that the mortgage does not represent any more than the defendant owed him according to their settlement. He is confirmed in the statement that the $150 note was included in the mortgage by the receipt which was given by him to the defendant at the time the mortgage was given, whereby he acknowledged payment of three notes, among which the note for $150 is named; and several checks were produced, made by the complainant to the defendant, bearing date at different times between the dates of the two mortgages, amounting in all to a considerable sum. Furthermore, the defendant testifies that he and the complainant had money transactions during the year previous to the making of the second mortgage; that the complainant, during that period, loaned him money at different times; and that he cannot tell minutely as to all the money transactions between him and the complainant during that year, either as to sums borrowed or notes given, although he says all such loans had been paid prior to the making of the mortgage, except the two notes mentioned.

On his examination before the master, the defendant testi-

fied that when the two notes for $500 and $600, which were included in the mortgage, were given, there was retained by the complainant on each a bonus above legal interest for the accommodation.   In his principal examination he fixes the amount so retained at ten per cent., but in his cross-examination he displays uncertainty in his recollection as to precise sums.

The Vice-Chancellor, on the authority of *The State Bank of Elizabeth* v. *Ayers*, 2 *Halst.* 130, held that the giving of a new security upon a settlement and agreement between the parties, in renewal or discharge of a prior security which was usurious, will extinguish the taint.   This is the first time this question has arisen in this court.

The defendant testifies that the bonus for the loans was retained by the complainant when the notes were made, and that the stipulated compensation for the accommodation was included in the notes.   When the mortgage was given, no abatement was made for the sums so retained.   The original transaction was not purged of its illegality by excluding whatever was usurious in the notes when they were made. The mortgage is a security for those very sums, as well as the moneys actually lent.

It is well settled that the mere substitution of one security for another security which is usurious, will not remove the original taint.   An exception to this rule exists in favor of a bona fide holder of an usurious security who receives from the maker a new security without any knowledge of the usury.   In his hands the new security may be enforced. *Cuthbert* v. *Haley*, 8 *T. R.* 390; *Chapman* v. *Black*, 2 *B. & Ald.* 588; *Kent* v. *Walton*, 7 *Wend.* 256; *Bank of Monroe* v. *Strong, Clarke's Ch.* (*N. Y.*) 76; *Aldrich* v. *Reynolds*, 1 *Barb. Ch.* 43.

If the immediate parties to the transaction repent, and by mutual consent the usurious security be surrendered, a new promise to pay the sum loaned with legal interest may then be enforced, on the principle that the parties have purged the transaction of its original vice.   *Barnes* v.

.*Hedley*, 2 *Taunt*. 184; *Corwyn on Usury* 183; *De Wolf* v. *Johnson*, 10 *Wheat*. 367; *Miller* v. *Hull*, 4 *Denio* 104.

But as between the parties to the usurious instrument, or as against a subsequent holder with knowledge of the defect, the original taint attaches to all substituted obligations or securities, however remote, unless the original vice be removed by expunging the usurious element. *Wickes* v. *Gogerly*, 1 *C. & P.* 396; 3 *Saund. Pl. & Ev.* 1189; *Walker* v. *Bank of Washington*, 3 *Howard* 62; *Tuthill* v. *Davis*, 20 *Johns. R.* 285; *Powell* v. *Waters*, 8 *Cow.* 669; *Vickery* v. *Dickson*, 35 *Barb.* 96; *Fulton Bank* v. *Benedict*, 1 *Hall's Superior C. R.* 481–544. No recovery can be had upon any succeeding obligation which operates to secure the usurious exaction. A new settlement of the accounts between the borrower and lender, and the cancellation of the original security, or the introduction of a new consideration in the shape of an additional loan, will not operate to give such an instrument validity. *Preston* v. *Jackson*, 2 *Starkie* 211; *Harrison* v. *Hannel*, 5 *Taunt.* 780; *Jackson* v. *Packard*, 6 *Wend.* 415; *Hammond* v. *Hopping*, 13 *Wend.* 505; *Dunning* v. *Merrill*, *Clarke's Ch.* 252; *McCraney* v. *Alden*, 46 *Barb.* 272.

If the pleadings in this case were sufficient to present a defence of usury on the ground that the notes which were part of the consideration of the mortgage and are secured by it were made upon an usurious agreement, such defence might be made, although the mortgage was made upon an accounting and adjustment of those with other moneyed transactions—the usury not being purged. The cases last cited are directly in point, and are founded on correct principle. In each of these cases a former security tainted with usury was surrendered, and a new security taken, into which entered other valid and legal considerations; and the new security was held to be avoided by the usurious taint which, not being remitted, was carried into it.

But the answer is not so framed as to enable the defendant to avail himself of this part of the defence.

The charge in the answer in relation to these notes is introduced in the narration of the circumstances of the making of the mortgage, in the following words : " That at or about the time of the execution of said last mortgage, the said complainant offered to this defendant, that if this defendant and his wife would execute to complainant a mortgage to secure the payment of $2000, with interest from its date, that he, the complainant, would give up and surrender to this defendant two notes of hand for the payment of $1100 (then held by complainant against this defendant, and on which complainant had already reserved and taken from this defendant ten per cent. higher rate of interest than was then or is now allowed by the law of the place where the said notes were made or to be paid) ; and would also give to this defendant the sum of $600 besides and in addition to surrendering said notes ; that thereupon this defendant consented and agreed to this last above named offer of complainant, and did thereupon execute and deliver to complainant the said last named mortgage, together with a bond ; that, upon the execution and delivery of said last named mortgage by this defendant and wife to complainant, the complainant gave to this defendant the sum of $600, and also surrendered up to this defendant the said notes of hand for $1100."

With the exception of the allegation that the amount actually lent, for which the mortgage was given, was only $1590, there is no other averment from which an inference may be drawn, that usury in the inception of these notes would be relied on. The charge is that the said bonds and mortgages were usurious, and that on them, and each of them, a higher rate 'of interest was reserved and taken than was allowed by law. When usury is set up by a plea in an action at law, or in an answer in chancery, the terms of the usurious contract must be precisely and correctly set out ; the quantum of the usurious interest must be specified, and the proof must correspond with the allegations. *Corwyn on Usury* 203 ; *Vroom* v. *Ditmas*, 4 *Paige* 526 ; *Cloyes* v. *Thayer*, 3 *Hill* 565 ; *Rowe* v. *Phillips*, 2 *Sandf. Ch.* 14 ;

*Griggs* v. *Howe,* 31 *Barb.* 100; *Clarke* v. *Hastings,* 9 *Gray* 64. In setting up a defence of usury in a suit in chancery, the defendant must, in his answer, as in a plea of usury in an action at law, set out the particular facts and circumstances of the supposed usurious agreement, that the court may see that the agreement was in violation of the statute. *New Orleans G. L. & B. Co.* v. *Dudley,* 8 *Paige* 452; *Curtis* v. *Masten,* 11 *Paige* 15; *N. J. Pat. Tanning Co.* v. *Turner,* 1 *McCarter* 326. The answer in this case, so far as regards the defence founded on the usury in the notes, is obviously deficient in this respect. No particulars whatever of the illegal contracts under which the notes were made, either as to the terms, or times when, or place where made, are averred. The only contract which is set out in the answer with any particularity, is that which was made immediately in connection with the mortgage, and upon this the defence must rest.

I agree with the Vice-Chancellor that the testimony is insufficient to maintain this defence, which is sufficiently pleaded in the answer.

The only witnesses who testify to the circumstances of the making of the mortgages, and the consideration upon which they were made, are the parties themselves.

The burden of the proof is on the defendant, and the defence cannot be supported by probabilities or suspicions, however strong. If allowed to prevail, it must be sustained by such preponderance of evidence as establishes the truth of the allegations on which it depends, beyond a reasonable doubt. *Brolasky* v. *Miller,* 4 *Halst. Ch.* 789; *N. J. Pat. Tanning Co.* v. *Turner,* 1 *McCarter* 326; *Conover* v. *Van Mater,* 3 *C. E. Green* 481.

This rule as to the degree of proof required, in a measure depends upon the character of the defence. The usury law now in force has mitigated the penalty which was prescribed by the former law, but has not abolished it. The plaintiff, on a successful defence, loses the interest on the sum lent and the costs of the suit, both of which he would be entitled

to recover on a demand not obnoxious to the provisions of the statute. To this extent the defence involves a forfeiture as a penalty, and the rules of evidence touching the enforcement of a penalty still apply. (Conover *v.* Van Mater.) In addition thereto the defendant, in the securities he executed, has put in writing an acknowledgment that he received the full amount of the securities in question. In the most ordinary case, where the parties have put their contract in writing, public policy and established rules of evidence exact clear and cogent proof when parol testimony is relied on to show a different contract. The statute which makes parties competent witnesses in their own behalf, provides facilities for defences of this kind. If the defence should ever be sustained upon the uncorroborated testimony of the party by whom the security was made, the testimony should be, in all respects, unexceptionable.

It is not proposed to comment on the evidence in detail. The prominent points in the testimony have been fairly stated by the Vice-Chancellor in his advisory opinion. The dealings between the parties, which were quite considerable, were loosely conducted. The defendant is not corroborated by any other evidence in the cause, and in some important respects the accuracy of his statements is discredited by collateral proof. He is flatly contradicted with respect to the material facts of the case by the complainant, and there are no circumstances which should incline the court to give greater credit to him, as a witness, than to the complainant.

The decree appealed from is affirmed, with costs.

For affirmance—BEASLEY, C. J., DEPUE, LATHROP, OGDEN, OLDEN, SCUDDER, WALES, WOODHULL.    8.

For reversal—DALRIMPLE, VAN SYCKEL.    2.