## JOHN D. VERMEULE *vs.* ADRIAN VERMEULE.

### York.   Opinion March 1, 1901.

*Bills and Notes.   Usury.*

In an action upon a promissory note made in New York, to which the defense of usury by the law of that state was pleaded, it appeared that the note in suit was given in renewal of several prior notes, one of which contained a clause giving the plaintiff an option to take certain stock in addition to six per cent interest on the note.   Such an agreement under the laws of New York might have been usurious and fatal to the validity of the prior note; but the note in suit contained no provision for the payment or receipt of anything beyond six per cent interest.

*Held;* that in such a case it is settled law, that the renewal by a new note, which excludes all usurious taint, renders the new contract valid and binding on the maker.   Thus the parties, themselves, do what a court of equity would require them to do.

Exceptions by defendant.   Overruled.

Assumpsit upon a promissory note.   At the close of the testimony the presiding justice ruled that no defense had been made and directed the jury to return a verdict for the plaintiff for $2946.67, the amount agreed to be due, if anything.

*G. C. Yeaton,* for plaintiff.

*G. F. and Leroy Haley,* for defendant.

SITTING:  WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, JJ.

WHITEHOUSE, J.  This is a suit upon the defendant's promissory note made in the state of New York, January 24, 1897, for the sum of $2500, with interest at six per cent per annum.  It was not in controversy that the note was given in renewal of several other notes previously given for money lent at different times; and evidence was introduced, in behalf of the defendant, tending to show that the earliest one of these prior notes, which formed the consideration of the note in suit, contained a clause which gave the plaintiff the option to take certain stock in a New Jersey corporation, in addition to six per cent interest on the note. It was contended that by the statutes of New York such an agreement to receive something of value in excess of six per cent, is declared to be usurious and fatal to the validity of the note.  The presiding judge ordered a verdict for the plaintiff for the amount of the note, and the defendant took exceptions.

It is unnecessary to consider whether, upon the facts disclosed in the report, the stock in the New Jersey corporation named could reasonably be deemed "anything of value," or, if so, whether under all the circumstances connected with the transaction of the earliest note mentioned, the arrangement could be held usurious under the laws of New York; for, as already stated, the prior note which might have been affected with the usurious taint was merged in the new note now in suit, which contains no provision whatever for the payment, or receipt of anything, as interest beyond six per cent per annum, and the amount for which the new note was given was only the balance of the money actually lent.  In such a case it is uniformly held that the renewal by a new note, which excludes all usurious taint, renders the new contract valid and binding on the maker.  In *Miller* v. *Hull*, 4 Denio, 104, the court say:  "The parties to an usurious transaction may, doubtless, reform it, and by cancelling the usurious security and giving a new obligation for the real sum which ought to be paid, excluding all usury, the party will be bound," and cite *Wright* v. *Wheeler*, 1 Camp. 165, note;

*Kilbourn* v. *Bradley*, 3 Day, 356, (3 Am. Dec. 273), and other authorities in support of the doctrine.    In Webb on Usury, §§ 482–484, the author says:    "Of course, if no usury has been paid, but merely reserved, it is sufficiently purged by a surrender of the contract, and the giving of a new one with the element of usury excluded," citing among other cases *Marstin* v. *Hall*, 9 Gratt. 8. In that case the court sententiously gave the reason to be that "the parties, themselves, have done what a court of equity would have required them to do."    See also *Jacobson* v. *Bradley*, 49 Hun, 152.    For analogous doctrine that an express promise to pay compound interest is valid in this state, see *Bradley* v. *Merrill*, 91 Maine, 340.

As it is manifest that the note in suit was entirely purged of any usurious taint with which the earlier note might possibly have been affected, it is also unnecessary to determine whether the defense of usury is available to the defendant in any other jurisdiction than that of the state in which the statute creates it.    See *Meares* v. *Finlayson*, 55 S. C. 105.

The verdict for the plaintiff was rightly ordered.

*Exceptions overruled.*