M. L. COLEMAN, Appellant, v. EUGENE M. COLE, Defendant; AURORA STATE BANK et al., Respondents.

St. Louis Court of Appeals, August 6, 1902.

1. **Promissory Note: USURY: CHATTEL MORTGAGE.** Where a promissory note, usurious as between the original parties, is discharged by a note at lawful rate of interest which is received in payment of the old one, extending the time of the loan and introducing a new party as maker of the second note, the usury of the first note is no bar to the enforcement of a chattel mortgage executed to secure the last note (distinguishing Coleman v. White, 69 Mo. App. 590).

2. **Chattel Mortgage, When Void: USURIOUS LOAN: STATUTORY CONSTRUCTION.** A chattel mortgage executed to secure

a usurious loan is void under the Missouri statute (R. S. 1899, sec. 3710).

3. **New Trial:** NEWLY-DISCOVERED EVIDENCE: DISCRETION OF TRIAL COURT. The granting of a new trial on the ground of newly-discovered evidence, rests in the sound discretion of the trial judge.

4. **Attaching Creditors:** USURY: PLEADING. It is held unnecessary to decide whether attaching creditors may plead usury on behalf of the principal defendant to invalidate a chattel mortgage in favor of a garnishee who claims the mortgaged property attached.

Appeal from Lawrence Circuit Court.—*Hon. J. C. Lamson,* Judge.

AFFIRMED.

*Cloud & Davis* and *H. H. Bloss* for appellant.

(1) There was no independent or separate consideration for Cole's signature on either one of these notes except such as was advanced to the makers, and his position therefore is that of an accommodation indorser, and identical with that of a surety. This point was directly ruled against respondent by the St. Louis Court of Appeals, in this case reported in the 69 Mo. App. 530, and the position is refuted by the opinion of our Supreme Court in Weimer v. Shelton, 7 Mo. 258, where the court says: "The court are all of the opinion that a security may avail himself of usury as well as the principal. An indorser for accommodation is regarded in the light of a security, and as such is entitled to avail himself of any defense that would have availed the maker. As the act regulating interest stood at the institution of this suit, the excess of the usurious interest over the real sum of the money advanced was adjudged against the lender, and it became a debt of record, upon which the party setting up the usury could on motion have judgment. This provision presents a serious difficulty in allowing this defense to be set up

by a security as it would seem to be the intention of the Legislature that the party whose necessities had been taken advantage of could alone be entitled to the benefit of this provision.   But however this may be, and whatever would be the proper course when a case of this kind arises, it is clear that to construe the act so as to preclude securities from setting up its provisions as a defense would enable usurers, by a very simple and easy device, to evade the law completely." The same principle of law here involved was decided in the case of Wilkerson v. Hood, 65 Mo. App. 491, and the following authorities are in point.   Kendell v. Crouch, 88 Ky. 199; Edwards v. Skirving, 1 Brev. (S. Car.) 548; Duncumb v. Bunker, 2 Met. (Mass.) 8.   (2) Hill v. Taylor, 125 Mo. 331, relied upon by respondent as showing a conflict between the St. Louis and Kansas City Courts of Appeals and our Supreme Court as to the right of an attaching creditor to set up the defense of usury, need only be referred to, to see how utterly unfounded this argument is. The interpleader in that case was held to be an innocent purchaser for value of the horses attached, not a pledgee or mortgagee as respondent is in this case, and the court said in passing on this branch of the case:   "It is difficult to perceive how the provisions of sections 1 and 2, p. 170, Sess. Acts of 1891, can be invoked on behalf of plaintiff in this case.   They have reference alone to interest and usury."   Instead of crediting the usury on the valid part of the debt or repaying it to the debtor with his full knowledge and consent to take advantage of the usurious contract, the usury in this case is embodied in the mortgage note, yet respondent contends that this is a waiver.  So long as the original element of usury remains and until it has been entirely purged by the deliberate act of the parties, the taint of usury attaches to all subsequent contracts and securities substituted for, or given in renewal of the original debt, no matter how many times removed; and the debtor has the same

right of defending against the last substitute or renewal as if it were the original contract. 27 Am. and Eng. Ency. of Law (1 Ed.), p. 967, and numerous authorities cited in note 1 on p. 968. Knox v. Williams, 24 Neb. 630; Cowels v. Canfield, 52 N. W. 135; Widdyfield v. Ins. Co., 3 Ohio St. 157; Teideman on Com. Paper, sec. 196, p. 325. (3) Again it is held that a note given in payment of a note that is void for usury, is also void. Orvis v. Curtis, 12 Misc. 434, 67 N. Y. 363. (4) And when it is shown that the obligation in suit was given in substitute or renewal of a usurious one, the presumption arises that the taint entered into it. 27 Am. and Eng. Ency. of Law (1 Ed.), p. 968; Stanley v. Whitney, 47 Barb. (N. Y.) 586. (5) It will not avail respondent to say that because the principal obligors were dropped, and Cole and Wickwire alone signed the mortgage note, that therefore appellants could not defend on the ground of usury. "The renewal of a note by a new one in which the principal obligor in the former note is dropped, will not deprive the debtor of the plea of usury if it has been in fact embraced in the new note." Kendell v. Crouch, 11 S. W. 587; Robbins v. Muldraw, 39 Kan. 112. (6) And again substituting an acceptance for a bill on which the acceptor was an indorser does not cut out the defense of usury. Jones v. Holcomb, 60 Ga. 665. These authorities, we think, effectually refute the idea that there was a waiver of the usury in this case but instead of a waiver a great share of the usury exacted is incorporated in the mortgage note or contract.

*Edward J. White* for respondent.

(1) That defendant Cole's signature appeared on the original notes in the capacity of guarantor only, is apparent from the specification on the back of the notes, where he "guarantees" full payment. In the absence of such a specification the law would have

made his liability that of a guarantor any way, not appearing on the note as a maker. Burnham v. Gosnell, 47 Mo. App. 637; Stagg v. Linnenfelser, 59 Mo. 336. (2) The undertaking of a guarantor is his own separate and independent contract, distinct from that of the principal debtor. A guarantor can not even be sued jointly with the principal, on the default of the latter. Parmerlee v. Williams, 71 Mo. 410; Graham v. Ringo, 67 Mo. 324; Prior v. Kiso, 81 Mo. 249; Osborne v. Lawson, 26 Mo. App. 549. (3) "That which avoids the principal's obligation releases the guarantor, but the guarantor can interpose those objections only which are inherent in the debt and not those which are personal to the principal." Railway v. Smith, 27 Mo. App. 371. A large number of the States hold the defense of usury personal to the debtor only. Butts v. Broughton, 72 Ala. 294; Sellers v. Botsford, 11 Mich. 59; Darst v. Bates, 95 Ill. 493; Ready v. Hurbner, 46 Wis. 692; Savings Inst. v. Copeland, 32 N. W. 95; Bonnell's Appeal, 11 Pa. App. 211; Cramer v. Lepper, 26 Ohio St. 59; Lee v. Feamster, 21 W. Va. 108; Dritichett v. Mitchell, 17 Kan. 355; Tuiford v. Kerl, 71 Md. 397; Keller v. Beaty, 80 Ga. 815. (4) In this State the defense has only been recognized in favor of the debtor and his privies and attaching creditors. American Rubber Co. v. Wilson, 55 Mo. App. 656; Voorhis v. Staed, 63 Mo. App. 370. And the authorities in this State present a conflict between the two appellate courts and the Supreme Court as to whether the defense should even be extended to an attaching creditor. Hill v. Taylor, 125 Mo. 331; American Rubber Co. v. Wilson, supra; Ransom v. Hays, 39 Mo. 445. But adopting even the extreme view of the courts of this State, the defense has never been recognized as existing in favor of a guarantor, or his attaching creditor and as they are not privies in contract or representation, but independent contractors, such an extension of the doctrine could not be reconciled with the previously

defined limits of the defense, in view of the decisions
defining the status of a guarantor. American Rubber
Co. v. Wilson, supra; Parmerlee v. Williams, 71 Mo.
410. (5) That there is no privity between a guarantor
and his principal, but that the guarantor is an inde-
pendent contractor has been expressly held. Pritchard
v. Hitchcock, 6 Man and G. 151. It has also been ex-
pressly held in this State that a surety can not set up
the defense of usury, even though such illegal interest
was incorporated in the note by the principal without
the knowledge of such surety, the court proceeding on
the theory that the surety was not prejudiced thereby,
since he was not forced to pay more than he agreed to,
the usury not affecting the legality of the note. Samuel
v. Withers, 16 Mo. 532; cited in Adams v. Raignor, 69
Mo. 363. It is elementary that a guarantor can only
set up such acts of the maker as a defense as have re-
sulted in injury to himself. Burrows v. Zepp, 69 Tex.
474; Maddox v. Duncan, 143 Mo. 613. (6) That the
makers had paid usury on a previous loan could cer-
tainly not have resulted in injury to the defendant,
since he became absolutely liable, under his contract of
guaranty, for the payment of a fixed amount, subse-
quent to this act of the makers. Osborne v. Lawson,
26 Mo. App. 549. (7) Cole was simply a creditor of
the makers and it has been held, in this State that
"The creditor of the maker of a note can not set up as
against the party holding such note as collateral se-
curity for a pre-existing debt, in an attachment suit,
any equities existing between the original parties."
Davis v. Carson, 69 Mo. 609; Colbrook Col. Sec.
(2 Ed.), sec. 25, pp. 46, 47. And it has been expressly
held by the courts of other States that a guarantor is
such an independent contractor as to be unable to take
advantage of the defense that usury had been paid by
the maker. McKnight v. Wheeler, 6 Hill 492; Bank v.
Sinclair, 6 N. H. 100, 49 Am. Rep. 307; Stewart v.
Bramhall, 18 N. Y. 139; Cadys v. Goodnow, 49 Vt. 400;

Brandt on Sur. and Guar., sec. 81, pp. 109 and 110. (8) "Unless the note is void for usury, the payment of illegal interest will not avail a guarantor as a defense." Lazear v. Bank, 52 Md. 78, 121. An indorser can not set up the defense of usury. Allerton v. Belten, 49 N. Y. (4 Sick.) 373; Bank v. Wheeler, 60 N. Y. (15 Sick.) 612; Smith v. Alvord, 63 Barb. 415; Graves v. Lovell, 38 N. Y. 154.

BARCLAY, J.—This litigation has been prolonged. After the first trial the cause reached this court by appeal and was reported under the title of Coleman v. White, 69 Mo. App. (St. L.), 530, where a general outline of the case appears as the record stood at that time.

The case began as an ordinary suit by plaintiff against defendant, Eugene M. Cole, on an account for merchandise sold, amounting to $601.84, in which an attachment was obtained and was levied upon property of the defendant, Cole. The Aurora State Bank (by E. J. White as its assignee) then filed an interplea claiming the attached property by virtue of a chattel mortgage which forms the principal subject of contention now. The attachment was levied on a mining plant, consisting of an engine, boiler, pumps, etc. The claim of the interpleader includes the same property.

After the decision in the 69 Missouri Appeals Report the cause was tried again.

The amended answer of the plaintiffs to the interplea charged, among other things, that the "pretended debts" due to the bank were fraudulent as to plaintiffs because the interpleader had required the Davie Mining Company and the defendant, Cole, "to pay about twenty per cent for the said loan," after the enactment of the law making eight per cent per annum the highest lawful rate of interest. But before the last trial the interpleader filed an amended reply (August 16, 1897) which is important to notice, because the court on

motion of plaintiff struck out all of it except the general denial contained in the first sentence. Its terms are as follows (omitting caption and signature):

"Comes now the interpleader and for amended reply to the plaintiff's amended answer to the interplea filed herein denies each and every allegation of new matter in said answer contained. Further answering interpleader says it is not true as alleged in said answer that any interest above the mortgage to the interpleader from the defendant, or that any interest at all was ever paid on said note, or that any interest was ever exacted or received from the defendant on the debt secured by said mortgage, but interpleader states that the note secured by the mortgage in controversy was executed by the defendant and received by the interpleader as a full payment of two certain notes, payable to the order of R. L. McElhaney, executed by R. L. McElhaney, president, and N. L. Wickwire, secretary, in the respective sums of $1,000 and $350, on which the defendant had indorsed on the back as a guarantor, simply. That the defendant was not a party maker to said notes nor a party to the payment of whatever interest may have been paid, if any, thereon, but was a separate, independent contractor with reference thereto, in no way connected with, or interested in, the payment of the interest thereon. That as such guarantor of said notes the said defendant is not in a position himself to set up the defense of usury paid on the notes of McElhaney and Wickwire, not being in privity with the parties who paid such usury, not being interested therein or injured or prejudiced thereby, and the plaintiff being simply his attaching creditor has no stronger rights to such defense than said defendant himself has.

"Interpleader further says that if by reason of the fact of his indorsement on the said note of McElhaney and Wickwire the defendant could have originally claimed the defense of usury paid thereon,

by the makers of said notes, he waived such defense by the payment and discharge of said notes in full, by the execution and delivery of the note secured by the mortgage in controversy, which was paid for and accepted as a full payment and discharge of said notes. That no interest, legal or otherwise, had ever been paid on the note secured by the mortgage, or on the indebtedness secured thereby, wherefore interpleader say its mortgage is not affected by Laws of 1891, page 170, relating to the payment of usury and making void all chattel mortgages given to secure debts on which usury has been paid. Further answering interpleader says that the mortgage is valid and binding on the defendant and the plaintiffs herein for the reason that said Laws of 1891, page 170, do not apply to the mortgage of the interpleader, since no interest, legal or otherwise, was ever paid on the debt secured by the mortgage and for the further reason that the said Laws of 1891, page 170, relating to usury and chattel mortgages, is void and unconstitutional, being in conflict with sections 28 and 53 of article 4, of the Constitution of the State of Missouri.''

The grounds on which the motion to strike out was sustained were that the reply contained no defense to plaintiff's answer; that it was argumentative; that it stated conclusions of law instead of facts; and that the conclusions of law pleaded were opposed to the decision of the St. Louis Court of Appeals on the former appeal.

After the trial, which resulted in a verdict for plaintiffs, the interpleader filed a motion for a new trial on various grounds, which the trial court sustained, making at the time the following order:

''Now on this day come the parties in the above cause plaintiffs and interpleader in their own proper person as well as by attorneys and the motion for a new trial by the interpleader coming on to be heard, being seen, heard and fully understood by the court

after the argument of counsel, it appearing to the court that on the trial of the interplea the jury was instructed by the court as to what their finding from the evidence should be and that the court failed to submit all the issues to the jury and that the interpleader under the evidence should have been permitted to amend its reply before proceeding to trial and the same was improperly stricken out by the court, and the plaintiffs at the trial were permitted to introduce improper and illegal evidence and the interpleader was prevented from introducing legal evidence in the cause and that an improper verdict and finding was occasioned by such matters and that the interpleader has a just cause of action and has discovered new and material evidence since the trial likely to charge the result on a new trial, it is therefore considered, ordered and adjudged by the court the motion for a new trial by the interpleader be and is hereby sustained, that the verdict and finding of the jury in the cause on said interplea be and is hereby set aside and held for naught, the parties interpleader and plaintiff be and are restored in all things to their positions held prior to said trial and that a new trial of said cause be had.''

It appeared from the testimony offered on behalf of plaintiffs at the trial that the note which was secured by the last chattel mortgage (under which the interpleader claims the property) is for the sum of $1,350, and that it is of date, May 26, 1893. It was signed by defendant and another person, Mr. Wickwire. It calls for interest at the rate of eight per cent per annum from date. No one claims that it is usurious except by its relation to former transactions between the parties.

We need not review the facts stated in the former opinion indicating the general outlines of the case. The differences shown between them and the facts exhibited

at the last trial will be noted along with our comments thereon.

The plaintiffs appealed from the order granting a new trial, after saving exceptions in the usual way.

This case was transferred to the Supreme Court upon a suggestion that a constitutional question was involved, but the first division of the Supreme Court decided that claim to be invalid and remanded the cause to this court for further proceedings. Coleman v. White, 158 Mo. 253.

1. The most important feature of the case, as disclosed by the present record, is found in one of the defenses advanced in the amended reply filed by the interpleader after the first appeal. It embodied a theory to parry the charge of usury which theory was not discussed in the former opinion. Coleman v. White, 69 Mo. App. (St. L.) 590.

The learned trial judge struck out that part of the amended reply and left nothing of it standing except the general denial. After the verdict for plaintiffs he repented, and granted a new trial. We think he was entirely right in so doing.

There can be no doubt that, conceding the older notes to be usurious because of the excessive interest exacted of the original makers (R. S. 1899, secs. 3709, 3710), the facts stated in the amended reply relieve the last note of that taint and thus save the chattel mortgage securing it from the fatal mark of nullity defined by the statute last cited. The amended reply states that the last note was executed in consideration and full payment of the two earlier notes charged to be usurious, whereon the defendant, Cole, was merely guarantor. By the new note he became principal debtor, and the debt became his primarily by virtue of the new contract. The extension of time was a perfectly valuable consideration to bind the maker of the new note (Cole); and his assumption of the debt by the last note in payment of the older debts was the

creation of a new contract which obliterates the connection with the usury exacted of the parties primarily liable on the prior notes. Tenny v. Porter, 61 Ark. 329; Craig v. Butler, 9 Mich. 21; Bank v. Hottenstein, 89 Penn. St. 328.

There is not the slightest suggestion or evidence that the introduction of Cole as the primary debtor by the new contract was a makeshift or contrivance to cover usury, and, of course, no such blemish appears in the amended reply.

The facts shown to the court by the interpleader in that pleading should have been admitted as a defense against the alleged usury, and if sustained the interpleader should have had the benefit thereof.

2. The foregoing ruling makes it unnecessary to discuss whether plaintiffs as mere attaching creditors are entitled to assert usury to invalidate the chattel mortgage in view of the recent rulings in the Supreme Court. Vette v. Geist, 155 Mo. 32; Gabriel v. Imboden, 158 Mo. 632.

3. It is also needless to inquire whether the learned circuit judge was right in granting the new trial for newly-discovered evidence—a ground for such action which unquestionably rests in the sound judicial discretion of the trial judge.

The order awarding a new trial was well grounded. It is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.