W. H. CARTER, and KATE H. CARTER, his wife, *Appellants,* v. LEON LOAN AND FINANCE COMPANY, a corporation organized and existing under and by virtue of the laws of the State of Florida, *Appellee.*

146 So. 664.

Opinion filed March 3, 1933.

Re-hearing denied March 27, 1933.

*Francis B. Winthrop* and *B. K. Roberts,* for Appellants;

*Clyde W. Atkinson,* for Appellee.

TERRELL, J.—The facts out of which this case arises may be summarized as follows: In May, 1927, Milton E. Parker sold W. H. Carter a house and lot for $6,600 of which $2,100 was paid in cash. T. S. Green agreed to finance the balance of $4,500 on the basis of ninety-six payments of $69.80 each, said payments to include principal and interest, payable on the first of each month. Carter made several payments on the contract and then let his payments lapse. He contended among other things that he was being charged too much interest.

In August, 1930, a new contract was entered into between Carter and Leon Loan and Finance Company, Inc., to finance said sale on the basis of $3,440 to be paid in sixty monthly payments of $68.80 each including interest. Default was made in the payments on the latter contract and this suit was instituted by appellee as complainant below to foreclose and for an accounting. Answer was filed interposing the defense of usury, testimony was taken and on final hearing a decree was entered in compliance with the prayer of the bill. Appeal was prosecuted from that final decree.

It is admitted by both parties that the new contract was not infected with the vice of usury, but appellants contend that the first contract was usurious in its inception, that the new contract was a continuation of the first and carried that infirmity (usury) with it.

It has been repeatedly held that the usurious character of a contract must be determined as of the date of its inception and if usurious at that time no subsequent transaction will purge it. When such contracts are renewed by a new or substituted contract usury follows and becomes a part of the latter contract, making it vulnerable to the defense of usury in like manner as the original contract. 27 R. C. L. 250. This rule does not apply when the old contract is abandoned and a new one is entered into free from the vice of the old.

In the case at bar the chancellor considered both contracts free from usury and there is ample support for his finding in the record. If the usurious factor in the first contract is carried into the new contract in any form it is not purged of usury. The old obligation must be given up and abandoned, but when this is done and the borrower assents to a new or substituted contract in which he voluntarily agrees to pay the obligation with lawful interest, it is an act of justice forbidden by no principle of public policy and will be enforced. Masterson v. Grubbs, 70 Ala. 406; Kilbourn v. Bradley, 3 Day (Conn.) 3 Am. Dec. 273; Baily v. Lumpkin, 1 Ga. 392; Sanford v. Kurz, 9 Idaho 29, Pac. 612; Vermeule v. Vermeule, 95 Me. 138, 49 Atl. 608; Chadbourn v. Watts, 10 Mass. 121; Smith v. Stoddard, 10 Mich. 148; Coleman v. Cole, 96 Mo. App. 22, 69 S. W. 692; Hoyt v. Bridgewater Copper Min. Co., 6 N. J. Eq. 253; Bomer v. Smith (Tex. Civ. App.), 195 S. W. 964; McClure v. Williams, 7 Vt. 210; Gerlaugh v. Bassett, 20 Wis. 671, 27 R. C. L. 252.

The contract involved in the case at bar is well within the rule as thus announced and supported. Every element of usury charged to exist in the first contract was abandoned in the new by agreement of the parties and Carter

voluntarily agreed to carry out the latter which is admittedly legal and free from usury.

The judgment below is therefore affirmed.

Affirmed.

WHITFIELD, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., not participating.